FULMER, Judge.
Oscar Jolly argues on appeal that the split sentence imposed upon revocation of his probation is illegal because, when combined with time already spent on probation, it exceeds the fifteen-year statutory maximum. We agree.
On May 31, 1994, Jolly was sentenced to time served, which was approximately ten months in the county jail, followed by ten years’ probation. On March 20, 1996, the trial court revoked Jolly’s probation for committing a new criminal offense and sentenced him to four and one-half years’ imprisonment, with credit for time served, followed by ten years’ probation. The written sentence filed on the same day reflects that Jolly was not given credit for time previously served on probation.
In Waters v. State, 662 So.2d 332, 333 (Fla.1995) (quoting Bragg v. State, 644 So.2d 586, 587 (Fla. 1st DCA 1994)), the supreme court held:
In imposing a sentence following a revocation of probation, the combination of [new] sanctions imposed must not exceed the statutory maximum for the underlying offense. If the trial court includes probation as part of a sentence upon revocation of probation, the trial court must give credit for any time previously served on probation if the new period of probation together with other sanctions (including jail and prison credit) and the time previously served on probation total more than the statutory maximum for the underlying offense.
The time previously served on probation is calculated from the date probation is imposed until the date of revocation. See Francois v. State, 695 So.2d 695 (Fla.1997).
In this case, Jolly faced a total sanction of fifteen years, pursuant to sections 775.082(3)(e) and 800.04, Florida Statutes (1991), for committing a lewd and lascivious act on a child less than sixteen years of age. Upon revocation of probation, Jolly’s jail and probation sentence totalled fourteen and one-half years. When this period is added to the months previously served on probation, from May 31, 1994, through March 20, 1996, the *304 total exceeds the fifteen-year statutory maximum.
Accordingly, we reverse and remand for resentencing in accordance with Waters.
PARKER, C.J., and PATTERSON, J., concur.