885 So.2d 419 (2004)
Damien FRYE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-0559.
District Court of Appeal of Florida, First District.
October 18, 2004.
Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Damien Frye appeals an order revoking his probation. We reverse, because the trial court's order is based on charges contained in an amended affidavit filed after Appellant's probationary period ended.
Appellant was sentenced to probation in 2000. Effective July 1, 2001, section 948.06(1), Florida Statutes, was amended to provide in part:

*420 Upon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901.02, the probationary period is tolled until the court enters a ruling on the violation. Notwithstanding the tolling of probation as provided in this subsection, the court shall retain jurisdiction over the offender for any violation of the conditions of probation or community control that is alleged to have occurred during the tolling period. The probation officer is permitted to continue to supervise any offender who remains available to the officer for supervision until the supervision expires pursuant to the order of probation or community control or until the court revokes or terminates the probation or community control, whichever comes first.
Ch.2001-109, Laws of Florida. On September 24, 2001, an affidavit was filed alleging Appellant violated conditions of his probation by failing to perform 50 hours of community service and by failing to receive substance abuse evaluation, counseling and treatment. The warrant for violation of probation was executed on October 20, 2001. An amended affidavit for violation of probation was filed on June 5, 2002, with the added allegation that appellant violated probation by forging two checks between May 16, 2000, and May 31, 2000,[1] and by failing to appear before the court on March 28, 2002. A second amended affidavit was filed on June 26, 2003, alleging appellant violated probation by unlawfully possessing a controlled substance without prescription and by providing false identification to a law enforcement officer on June 13, 2002.
Appellant moved to dismiss the second amended affidavit on the ground of lack of jurisdiction. Appellant argued his probationary term expired prior to the filing of the second amended affidavit and that the amended version of section 948.06 was not applicable. The trial judge denied the motion to dismiss. Appellant then entered a plea of no contest to allegation three of the second amended affidavit of violation of probation (regarding the May 2000 check charges), reserving his right to appeal the denial of his motion to dismiss.
Appellant's underlying offenses were committed on October 29, 1999. Retroactive application of the amendments to section 948.06 enacted in chapter 2001-109 violates constitutional ex post facto principles. As the United States Supreme Court has observed:
The presumption against the retroactive application of new laws is an essential thread in the mantle of protection that the law affords the individual citizen. That presumption "is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." Landgraf v. USI Film Products, 511 U.S. 244, 265, 114 S.Ct. 1483, 1497, 128 L.Ed.2d 229 (1994). This doctrine finds expression in several provisions of our Constitution. The specific prohibition on ex post facto laws is only one aspect of the broader constitutional protection against arbitrary changes in the law. In both the civil and the criminal context, the Constitution places limits on the sovereign's ability to use its lawmaking power to modify bargains it has made with its subjects. The basic principle is one that protects not only the rich and the powerful, United States v. Winstar Corp., 518 U.S. 839, 116 S.Ct. 2432, 135 L.Ed.2d 964 (1996), but also the indigent defendant engaged in negotiations *421 that may lead to an acknowledgment of guilt and a suitable punishment.
Lynce v. Mathis, 519 U.S. 433, 439-440, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997)(footnote omitted). "Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." Weaver v. Graham, 450 U.S. 24, 30, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).
The 2001 amendment to section 948.06 clearly disadvantaged Appellant. The amended affidavits of violation of probation would have been deemed untimely under the previous version of section 948.06. Cf. Weaver v. Graham, 450 U.S. at 32, 101 S.Ct. 960 (citations omitted) ("First, we need not determine whether the prospect of the gain time was in some technical sense part of the sentence to conclude that it in fact is one determinant of petitioner's prison term-and that his effective sentence is altered once this determinant is changed. We have previously recognized that a prisoner's eligibility for reduced imprisonment is a significant factor entering into both the defendant's decision to plea bargain and the judge's calculation of the sentence to be imposed.").
Based on the record, we are unable to determine whether the trial court would have revoked Appellant's probation based solely on the allegations contained in the original affidavit. Therefore, we reverse the order revoking probation, and remand to the trial court for further proceedings.
REVERSED and REMANDED.
WOLF, C.J., BARFIELD, and WEBSTER, JJ., Concur.
NOTES
[1] At a subsequent hearing, the prosecutor and defense counsel agreed that the charge was actually worthless checks rather than forgery.