893 So.2d 669 (2005)
Marcus HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-1248.
District Court of Appeal of Florida, First District.
February 17, 2005.
*670 Nancy Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for appellant.
Charlie Crist, Attorney General, and Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
After entering a plea to felonies committed in 1999, Marcus Harris was sentenced to two years of community control followed by two years of probation. The probation was scheduled to conclude on December 30, 2003. On December 3, 2003, however, an affidavit and violation report were filed alleging that Harris had failed to pay the costs of his supervision. An amended affidavit and report were filed on February 2, 2004, stating that the probationer had failed to allow his probation officer to visit him in his home in November and December 2003 and January 2004. Defense counsel moved to dismiss the amended affidavit and report as untimely on authority of State v. Hall, 641 So.2d 403 (Fla.1994). The trial court denied the motion and accepted the state's argument that the amended affidavit and report were timely under section 948.06(1)(d), Florida Statutes, as amended in 2001. An evidentiary hearing was conducted and the trial court concluded that the state had failed to prove the violation described in the original affidavit and report but that a violation had been established with regard to the allegations of the amended affidavit and report. Sentence was imposed and Harris appeals.
In Frye v. State, 885 So.2d 419 (Fla. 1st DCA 2004), this court held that the 2001 amendment to section 948.06(1), Florida Statutes, would violate ex post facto protections if applied to sentences of persons whose offenses were committed before the effective date of the amendment. In the instant case, the only violation found by the trial court was that set forth in the *671 amended affidavit and report. Accordingly, we must reverse the order finding a violation of probation and remand with directions to withdraw that order and the accompanying sentence.[1]
REVERSED and REMANDED.
ALLEN, DAVIS and BROWNING, JJ., concur.
NOTES
[1] The trial court also refused to consider a second amended affidavit and report filed in February 2004 based upon defense counsel's representation that he had not been served with the documents. Consideration of the claims contained therein on remand would also be foreclosed by Frye.