PER CURIAM.
The appellant’s convictions are affirmed. However, to the extent that the appellant’s sentence for case number 01-0013 fails to comply with Gethers v. State, 838 So.2d 504 (Fla.2003), it is reversed and the case is remanded to the trial court for the appropriate award of jail credit. The evidence before the trial court at the hearing demonstrated that the arrest warrant for case number 01-0013 was executed while the appellant was in the Jackson County Jail, and he is therefore entitled to the additional jail credit on that case. See Gethers, 838 So.2d at 507. However, because there was no testimony regarding the execution of an arrest warrant for case number 00-4961, the trial court did not err in failing to award any additional jail credit other than the 102 days the appellant served in the Leon County Jail.
Accordingly, the appellant’s sentence for case number 01-0013 is reversed and the case is remanded to the trial court for the limited purpose of awarding the appropriate amount of jail credit.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WEBSTER, BENTON and POLSTON, JJ., Concur.