902 So.2d 957 (2005)
Ricky Lamar SNELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1129.
District Court of Appeal of Florida, Fourth District.
June 8, 2005.
*958 Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse the sentence imposed upon revocation of Snell's probation.
Snell's original sentence was a "true" split sentence. It provided:
It is The Sentence Of The Court that
The defendant is hereby committed to the custody of the Department of Corrections.
To Be Imprisoned
Said SENTENCE SUSPENDED for a period of 1 YEAR 1 DAY subject to conditions set forth in this order.
* * *
Followed by a period of Probation/2 YEARS under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate order entered herein.
The contemporaneous probation order stated: "the imposition of sentence is withheld, and that you are placed on probation for a period of two years.... It is hereby ordered and adjudged that you are committed to the Department of Corrections for a term of one year and one day suspended upon successful completion of 2 years probation." Snell was also given seven days credit for time served.
Several months later, the trial court revoked Snell's probation and committed him to county jail for 100 days with credit for eighty-three days time served followed by two years probation.
A series of subsequent violations occurred, culminating in the sentence under appeal, in which the trial court revoked Snell's probation and sentenced him to serve "the minimum sentence I feel I'm obligated to give you under the guidelines, a forty-two, forty point two months in the Department of Corrections." Snell received 134 days credit for time served.
Poore v. State, 531 So.2d 161, 164 (Fla.1988), describes five sentencing alternatives in Florida:
(1) a period of confinement; (2) a "true split sentence" consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion; (3) a "probationary split sentence" consisting of a period of confinement, none of which is suspended, followed by a period of probation; (4) a Villery [v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1980)] sentence, consisting of period of probation preceded by a period of confinement imposed as a special condition; and (5) straight probation.
When an original sentence is a true split sentence, "the sentencing judgment in no instance may order new incarceration that *959 exceeds the remaining balance of the withheld or suspended portion of the original sentence." Id.
In State v. Powell, 703 So.2d 444, 446 (Fla.1997), the supreme court recognized that the list in Poore "merely summarize[ed] the complex statutory sentencing options available at that time" and held that a true split sentence could, as in this case, suspend the entire period of incarceration. Florida courts have also recognized that it is possible to structure a true split sentence with a longer supervision period than suspended incarceration term. Chupka v. State, 775 So.2d 315 (Fla. 2d DCA 2000). "The class of true split sentences has now been expanded to include sentences in which the entire incarcerative term is suspended, and sentences in which the probationary term is longer than the suspended jail term." Evans v. State, 730 So.2d 768 (Fla. 1st DCA 1999). See also Liles v. State, 837 So.2d 1151 (Fla. 1st DCA 2003) (holding that a sentence structured with three years incarceration (suspended) and eight years of sex offender probation was a true split sentence). Essentially, these cases recognize that imposing a suspending sentence followed by probation restricts the penalty options available upon violation.
A sentencing judge may not order new incarceration that exceeds any remaining balance of the suspended incarceration portion of the original sentence, less credit for time served. See Poore; Powell. The aggregate components of a sentence, or sentences imposed when probation is revoked in a true split sentence, cannot exceed the original suspended sentence of incarceration, less time served.
We also reject the state's contention that, here, the split sentence evaporated upon the earlier modification of the sentence.
As the record, by our calculations, reflects that Snell has been in custody for more than a year, we direct that, upon remand, Snell be immediately discharged.
MAY, J. and DAMOORGIAN, DORIAN, Associate Judge, concur.