914 So.2d 1085 (2005)
Edward MORROW, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3771.
District Court of Appeal of Florida, Fourth District.
November 30, 2005.
Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Morrow appeals the trial court's order to submit to blood testing for DNA analysis. We affirm.
Thirteen years after Morrow pled guilty to false imprisonment with a deadly weapon, and nearing the end of his probation, the Department of Corrections (DOC) filed a motion to compel Morrow to provide blood and saliva samples for DNA testing. Morrow asserts that he should not be subject to DNA testing, pursuant to section 943.325, Florida Statutes, because the tests would be an untimely modification of his sentence and impose a special condition of probation not imposed at sentencing. He also argues that the retroactive application of the statute violates the ex post facto clause because he was without notice that he would be subject to this kind of provision in the future.
Morrow was convicted of one of the offenses enumerated under section (1)(b) of the statute and is on probation in Florida, placing him within the purview of the statute. Morrow is not entitled to relief, as the statute and the DNA testing requirement *1086 is an appropriate use of state power.
We conclude that section 943.325 is applicable retroactively. In evaluating whether a law violates the ex post facto clause, a two-prong test must be applied: (1) whether the law is retrospective in its effect and (2) whether the law alters the definition of criminal conduct or increases the penalty by which a crime is punishable. See Gwong v. Singletary, 683 So.2d 109, 112 (Fla.1996), cert. denied, 519 U.S. 1142, 117 S.Ct. 1018, 136 L.Ed.2d 894 (1997). Although section 943.325 is retrospective in its effect, it does not alter the elements of Morrow's criminal conduct or increase the penalty for his crime and, therefore, the application of the statute is not an ex post facto violation. See Gilbert v. Peters, 55 F.3d 237, 238-39 (7th Cir.1995) (stating that "[b]oth federal and state courts uniformly [conclude] that statutes which authorize collection of blood specimens to assist in law enforcement are not penal in nature" and that "blood [samples are] taken and analyzed for the sole purpose of establishing a data bank which will aid future law enforcement") (citation omitted); see also Thomas v. State, 662 So.2d 1334, 1336 (Fla. 1st DCA 1995) (stating that "no ex post facto violation occurs if the change in the law is merely procedural and `does not increase the punishment, nor change the ingredients of the offence [sic] or the ultimate facts necessary to establish guilt'") (citations omitted).
In Taylor v. State, 821 So.2d 404 (Fla. 2d DCA 2002), a defendant challenged the requirement that he pay court costs for DNA testing pursuant to the statute when the payment was not imposed as a condition of his probation. Taylor held that because the cost was statutorily mandated, the court's failure to orally pronounce it was not fatal. See also Krischer v. Faris, 838 So.2d 600 (Fla. 4th DCA 2003) (holding that a plea agreement in a criminal case has no bearing on a subsequent statutorily imposed involuntary civil commitment for control, care, and treatment); Simmons v. State, 753 So.2d 762 (Fla. 4th DCA 2000) (stating that reporting and notification requirements of the Sexual Predator Act are regulatory and procedural in nature and, consequently, do not violate the ex post facto clause); see also Gonzalez v. State, 869 So.2d 1231 (Fla. 2d DCA 2004) (holding section 943.325 constitutional).
Accordingly, we affirm.
TAYLOR and HAZOURI, JJ., concur.