955 So.2d 617 (2007)
James HARPER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3668.
District Court of Appeal of Florida, Fifth District.
April 27, 2007.
James Harper, Orlando, pro se.
Bill McCollum, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant challenges the lower court's order that summarily denied his petition for habeas corpus on procedural grounds. Although we do not agree that Appellant's petition was procedurally barred, we nevertheless affirm because the petition is without merit. See Smith v. Moore, 782 So.2d 955 (Fla. 1st DCA 2001) (habeas petition not procedurally barred because raises issue that may be raised at any time).
Appellant alleges that his conviction for a probation violation was improper because *618 the conviction was solely based upon alleged violations that were the subject of an amended affidavit that was first filed after his term of probation had expired, contrary to the holding in State v. Hall, 641 So.2d 403 (Fla.1994). Since that decision, however, section 948.06, Florida Statutes, has been amended to include a provision tolling the probationary period upon the filing of an affidavit alleging a violation of probation and expressly conferring continuing jurisdiction on the trial court to address "any violation . . . that is alleged to have occurred during the tolling period." Appellant acknowledges this statutory change but urges that it may not be applied to him because to do so violates the constitutional prohibition against ex post facto laws, citing Frye v. State, 885 So.2d 419 (Fla. 1st DCA 2004). We disagree and distinguish Frye.
In Frye, the defendant had been placed on probation before the statute was changed. The court held that the statutory change could not be applied to him under the ex post facto clause. Id. at 420. Here, by contrast, although the underlying offense for which Appellant was placed on probation is alleged to have occurred before the statutory change, Appellant was not placed on probation until well after the statutory change. Under these circumstances, the ex post facto clause is clearly not implicated. See Gwong v. Singletary, 683 So.2d 109 (Fla.1996) (test for statutory scrutiny under the ex post facto clause is whether the law is retrospective in effect and whether it alters the elements of the crime or increases the potential punishment).
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.