968 So.2d 1048 (2007)
Leo Theodore BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2142.
District Court of Appeal of Florida, Fifth District.
November 30, 2007.
Kurt Erlenbach, of Kurt Erlenbach, P.A., Titusville, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Appellant, Leo Theodore Bell, raises two sentencing issues on appeal. Both were preserved by the filing of a motion to correct sentencing error in the trial court pursuant to Florida Rule of Criminal Procedure 3.800(b), but the trial court allowed the time to expire without addressing the claimed errors. We find that the first issue subsequently was decided adversely to appellant in Harper v. State, 955 So.2d 617 (Fla. 5th DCA 2007). The second issue, however, appears to have merit.
Bell contends that the wrong scoresheet was utilized at his sentencing. Bell contends that, under the guidelines in effect at the time of his offense and pursuant to Rule 3.703(d)(27), Florida Rule of Criminal Procedure, his score of 26.2 allowed the court to impose a sentence of not more than twenty-two months in prison without identifying a basis to depart from the recommended sentence. The State has not rebutted Bell's claim.
From what we are able to determine from the available record, since Bell's felony was committed before July 1, 1997, and his points are less than forty, twenty-two *1049 months was the maximum and the trial court appears to have erred in sentencing Bell to thirty-six months' incarceration. Because of the sparseness of the record, however, given Bell's failure to raise this issue at sentencing, the State's apparent failure to respond to the Rule 3.800(b) motion and the trial court's failure to rule on the motion, we reverse but remand for a hearing to determine the correct sentence.
REVERSED and REMANDED.
THOMPSON and EVANDER, JJ., concur.