983 So.2d 738 (2008)
Ernesto GUEVARA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1210.
District Court of Appeal of Florida, Third District.
June 11, 2008.
Bennett H. Brummer, Public Defender, Miami, and Gwendolyn Powell Braswell, Assistant Public Defender, Sarasota, for appellant.
Bill McCollum, Attorney General, and Heidi Milan Caballero, Assistant Attorney General, for appellee.
Before COPE and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
Ernesto Guevara seeks to reverse his sentence imposed following revocation of probation. We find that the trial court did not have jurisdiction and reverse.
Guevara was charged with one first-degree misdemeanor and three third-degree felonies. On January 14, 1999, he pled no contest to all counts in exchange for one year of probation and withhold of adjudication. Four months later, the State filed an affidavit of probation violation, alleging that Guevara had violated various technical conditions of his probation. An alias capias issued on May 19, 1999, but was not served on Guevara during his term of probation. After his probation term ended on January 13, 2000, Guevara was arrested on new charges and on July 1, 2000, the May 19, 1999 alias capias was served on him. A few days later, the State filed an amended affidavit of probation violation listing, in addition to the original technical probation violations, new substantive violations stemming from the offenses Guevara committed after his original probation term had ended.
Guevara remained in custody for approximately six years. His first probation violation hearing took place on March 24, *739 2006. At the hearing, the trial court acquitted Guevara of the technical violations. The State conceded that it could not prove that Guevara committed the technical violations cited in the first affidavit, and the trial court affirmatively found that those violations were not established.[1] The trial court did find that he had violated probation by committing new substantive offenses in June, 2000. The trial court revoked Guevara's original probation and sentenced him to consecutive five-year terms in state prison on each of the three third-degree felonies, plus 364 days in jail on the first-degree misdemeanor, with credit for time served since July 2000. Guevara filed a motion to correct a sentencing error, claiming that the trial court lacked jurisdiction to revoke his probation. The trial court denied the motion.
Guevara committed his crime on December 4, 1998, and he was placed on probation on January 14, 1999. Therefore, the 1998 probation statute applies to his case.[2]See Harper v. State, 955 So.2d 617, 618 (Fla. 5th DCA 2007); Frye v. State, 885 So.2d 419, 420 (Fla. 1st DCA 2004). The trial court ultimately acquitted Guevara of the technical violations listed in the only affidavit of probation violation filed during the one-year term of Guevara's probation. With no finding that Guevara violated his January 1999 to January 2000 term of probation, the revocation of probation and the sentences imposed for the original offenses were erroneously entered and must be vacated.
We reverse the order of probation revocation and sentence, and remand to the circuit court with directions to vacate the sentences imposed in case number F98-40683 on March 24, 2006.
Reversed and remanded.
NOTES
[1] Guevara committed new, substantive offenses after his probation term ended. The new offenses are unrelated to the offenses for which Guevara was initially placed on probation and are not the subject of this appeal.
[2] The tolling provision added to the probation statute by the legislature in 2001 is inapplicable to this case. Frye, 885 So.2d at 420.