DAMOORGIAN, J.
 

 Jason Shenfeld timely appeals the trial court’s sentencing order imposing a fifteen-year prison sentence after Shenfeld violated the terms of his administrative probation. Shenfeld raises two issues on appeal. First, whether the retroactive application of section 948.06(l)(d) Florida Statutes (2007) violates the prohibition against ex post facto laws. We hold that the retroactive application of section 948.06(l)(d) does not violate ex post facto. Next, Shenfeld argues that the trial court erred by sentencing him to fifteen years because that sentence exceeds the original split sentence he received.
 
 See Poore v. State,
 
 531 So.2d 161 (Fla.1988). We agree that Shenfeld received a trae split sentence and, therefore, could receive only the five-year prison term imposed by the original split sentence.
 

 In July 2002, Shenfeld entered an open plea of guilty to a robbery charge. The trial court adjudicated him guilty of robbery and sentenced him to five years in prison, but suspended the entire sentence and ordered him to serve five years of drag offender probation. In 2004, Shen-feld filed a motion to terminate his probation, stating that he had complied with and completed all of its terms. Instead of terminating his probation, the trial court modified his probation to administrative probation.
 

 On July 23, 2007, an affidavit of violation of probation was filed alleging that Shen-feld had committed several new law violations. Shenfeld had been arrested without a warrant on the new law violations several days earlier. An amended affidavit was filed on October 1, 2007 changing the dates of the alleged offenses. Shenfeld moved to dismiss the affidavit of violation of probation based on lack of jurisdiction. The trial court denied this motion and Shenfeld was arraigned on the amended affidavit. After an evidentiary hearing, the trial court found that Shenfeld had violated his probation and revoked that probation. Over Shenfeld’s objection that he could be sentenced to no more than the five-year suspended sentence that had previously been imposed, the trial court sentenced him to fifteen years in prison. Shenfeld appeals the trial court’s ruling on his motion to dismiss and his sentence.
 

 The issues on appeal require a legal determination based on undisputed facts. Accordingly, the standard of review is de novo.
 
 See Trotter v. State,
 
 825 So.2d 362, 365 (Fla.2002).
 

 Shenfeld first argues that the trial court erred by retroactively applying section 948.06(1), Florida Statutes (2007), the probation violation tolling statute. He reasons that, had the trial court applied the probation violation tolling statute that was in effect when he was originally placed on probation, the trial court would have lost jurisdiction to consider his violation of probation because no warrant had been issued prior to the expiration of his probationary period.
 

 It is axiomatic that “[o]nee a term of probation has expired, a court lacks jurisdiction to entertain an application for revocation of probation based upon a violation which occurred during the probation period unless, during the term of probation, appropriate steps were taken to revoke or modify probation.”
 
 Clark v. State,
 
 402 So.2d 43, 44 (Fla. 4th DCA 1981). At the time Shenfeld was placed on probation, section 948.06(1), Florida Statutes provided for the tolling of the probationary period as follows:
 

 
 *1024
 
 Upon the filing of an affidavit alleging a violation of probation or community control and
 
 following issuance of a warrant
 
 under s. 901.02, the probationary period is tolled until the court enters a ruling on the violation. Notwithstanding the tolling of probation as provided in this subsection, the court shall retain jurisdiction over the offender for any violation of the conditions of probation or community control that is alleged to have occurred during the tolling period,
 

 (emphasis added). Thus, there were two requirements to tolling the probationary period: (1) filing of an affidavit of violation of probation, and (2) the issuance of an arrest warrant.
 
 See id.
 
 If the defendant’s probation period had expired and these requirements were not met, the trial court did not have jurisdiction to hear the application for revocation of probation.
 
 See Jean-Gilles v. State,
 
 921 So.2d 860, 862 (Fla. 4th DCA 2006).
 

 In 2007, prior to the expiration of Shen-feld’s term of probation, the Florida Legislature amended section 948.06(1), Florida Statutes to allow for tolling of the probationary period “[ujpon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901.02,
 
 a warrantless arrest under this section, or a notice to appear under this section
 
 .... ” § 948.06(l)(d), Fla. Stat. (2007) (emphasis added). By adding the italicized language, the legislature made it clear that the issuance of a warrant is no longer a requirement to toll the probationary period.
 

 It is undisputed that Shenfeld was arrested without a warrant and no arrest warrant for the new law violations was issued during Shenfeld’s probationary period. In addition, an affidavit of violation of probation was filed during Shenfeld’s probationary period. The issue is whether retroactive application of the 2007 amendment to section 948.06(l)(d), Florida Statutes (2007) constitutes an ex post facto violation. We conclude that it does not and, therefore, that the trial court had jurisdiction to revoke Shenfeld’s probation and sentence him.
 

 We begin our analysis with the well-established legal principle that retroactive application of a new law is not an ex post facto violation if the statutory change is merely procedural and does not alter the definition of criminal conduct or increase the penalty by which the crime is punishable. Mo
 
 rrow v. State,
 
 914 So.2d 1085, 1086 (Fla. 4th DCA 2005) (citing
 
 Gwong v. Singletary,
 
 683 So.2d 109, 112 (Fla.1996)). We consider the 2007 amendment to section 948.06(1), Florida Statutes to be procedural in nature because the purpose and effect of the amendment was to toll the probationary period in order to allow the violation of probation to be heard.
 
 Cf. Peninsular Props. Braden River, LLC v. City of Bradenton,
 
 965 So.2d 160, 162 (Fla. 2d DCA 2007) (holding that a provision tolling time for seeking judicial review when a property owner initiates a proceeding under the Environmental Dispute Resolution Act was procedural in nature). To the extent that our decision conflicts with the First District’s decisions in
 
 Frye v. State,
 
 885 So.2d 419 (Fla. 1st DCA 2004) and
 
 Harris v. State,
 
 893 So.2d 669 (Fla. 1st DCA 2005), we certify a conflict.
 
 [1]
 

 We do hold, however, that the trial court erred by sentencing Shenfeld to fif
 
 *1025
 
 teen years in prison after he had received a true split sentence of five years.
 

 In
 
 Poore v. State,
 
 531 So.2d 161 (Fla.1988) our supreme court identified five basic sentencing alternatives in Florida. Among them is the “true split sentence” consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion.
 
 Id.
 
 at 164. In a later decision, the Court recognized that a trial court may impose a true split sentence in which the entire period of incarceration is suspended provided there is a valid reason for a downward departure.
 
 State v. Powell,
 
 703 So.2d 444, 445 (1997);
 
 see also Snell v. State,
 
 902 So.2d 957, 959 (Fla. 4th DCA 2005). When revoking the probation of a defendant who has received a true split sentence, “[a] sentencing judge may not order new incarceration that exceeds any remaining balance of the suspended incarceration portion of the original sentence, less credit for time served.”
 
 Snell,
 
 902 So.2d at 959.
 

 The State argues that Shenfeld’s sentence was an illegal downward departure based on, among other things, scoresheet errors, and that Shenfeld was improperly placed on drug offender probation and administrative probation. These arguments were waived by the State because it did not object to or timely appeal from any of the alleged errors by the trial court.
 
 See State v. Dort,
 
 929 So.2d 1190, 1190-91 (Fla. 4th DCA 2006);
 
 State v. Ackerman,
 
 785 So.2d 1229, 1231 (Fla. 4th DCA 2001).
 

 Based upon Shenfeld’s original suspended sentence, the maximum sentence he could have received was five years for violating the terms of his probation. Accordingly, on remand we direct that Shen-feld be resentenced for his violation of probation to a term of five years.
 

 Reversed.
 

 WARNER and STEVENSON, JJ., . concur.
 

 [1]
 

 . In
 
 Frye v. State,
 
 the First District held that retroactive application of the 2001 amendments to section 948.06, Florida Statutes, which provided for the tolling of the probationary period, violated
 
 ex post [acto
 
 because the amended affidavits of violation of probation would have been untimely under the previous version of that statute. 885 So.2d at 421.