ALTENBERND, Judge.
Malcolm Randall Badger appeals the trial court’s orders revoking his probation and sentencing him to prison terms totaling fifteen years in four separate criminal cases. We reverse three concurrent five-year sentences imposed on Mr. Badger’s third-degree felony convictions. The earlier sentences for those convictions had actually expired prior to these revocation proceedings.
We also reverse the fifteen-year sentence imposed in case number 00-CF-21191 because the earlier youthful offender sentence for this conviction had expired prior to these revocation proceedings. It seems highly unlikely that the judge who agreed to the youthful offender sentence on a violation of probation intended this result, but the result appears necessary under the law applicable to this case. This case demonstrates that a trial judge may need to be cautious about the decision to first impose a youthful offender sentence on a violation of probation.
I.
Sentencing in these cases in 2007 was a challenge because two of the cases, case numbers 00-CF-17866 and 00-CF-21191, involved sentencing on a second violation of probation. The other two cases, case numbers 02-CF-535 and 02-CF-12003, involved sentencing on a first violation of probation.
The two counts in case number 00-CF-17866 had resulted in convictions for third-degree felonies in 2002, and the terms of probation for those two convictions had actually expired prior to the proceedings in 2007 as a result of credit for time served on probation prior to the first violation of probation. Count two in case number 00-CF-21191 also involved a third-degree felony, and the term of probation for that count had also expired prior to the proceedings in 2007.
Accordingly, we reverse the sentences in case number 00-CF-17866 and the sentence for count two in case number 00-CF-21191. On remand, the trial court shall vacate these sentences. Our disposition does not affect the sentences in case *815 numbers 02-CF-535 and 02-CF-12003.[1]
II.
The more difficult issue for this court has been the fifteen-year sentence imposed for count one in case number 00-CF-21191.[2] We reluctantly conclude that the two-year term of probation had expired in that case prior to the initiation of the violation of probation proceedings in which the sentence on appeal was imposed. Accordingly, this sentence must also be vacated.
In case number 00-CF-21191, when he was almost nineteen years old, Mr. Badger was charged with burglary of a dwelling and grand theft after he entered a woman’s apartment through the window and stole her purse and a VCR in December 2000. He entered a negotiated plea in April 2001 in exchange for a non-prison sentence of twenty-four months’ community control, followed by twenty-four months’ probation.
In July 2001, the State filed an affidavit of violation of community control, alleging that Mr. Badger had moved from his approved residence. A warrant for Mr. Badger’s arrest was issued on the affidavit. A second such affidavit was filed in June 2002, and a third in September 2002. The jail credit log indicates that he was incarcerated in the county jail from August 27, 2002, until March 20, 2003.
At a hearing on March 20, 2003, the trial court orally revoked Mr. Badger’s “probation,” i.e. community control, without stating the grounds for the revocation. An order of revocation was never entered.[3] Instead, the trial court entered a second judgment on March 20 for the same offenses on which it had previously entered judgment in April 2001 and imposed a new sentence that was a youthful offender sentence of four years’ imprisonment followed by two years’ probation. This new sentence expressly gave Mr. Badger 307 days of jail credit. It did not, however, give him any credit toward the two-year term of probation. Even though Mr. Badger had already been on community control for approximately twenty-three months, there was no discussion at the hearing concerning the impact of the prior community control on his youthful offender term of probation.
After Mr. Badger served his four-year term of imprisonment and was released from incarceration, the State filed an affidavit of violation of probation on November 16, 2006. This violation led to the imposition of the fifteen-year term of imprisonment that is the sentence on appeal in this case. The question on appeal is whether Mr. Badger’s term of probation on the youthful offender sentence expired before the affidavit was filed in November. This, in turn, depends on whether he was entitled to credit on this term of youthful offender probation for some or all of the period that he was on community control, albeit not abiding by the terms of his community control, between April 2001 and March 2003.
First, we conclude Mr. Badger is entitled to credit because the maximum *816 lawful sentence that he could receive as a youthful offender was four years’ imprisonment, followed by two years’ probation. See Smith v. State, 941 So.2d 565, 566 (Fla. 1st DCA 2006) (“[W]hen sentencing an accused as a youthful offender, a court may not impose a split sentence that exceeds six years in length.”). Reluctantly, we conclude that the trial court could not simply disregard the earlier term of community control when measuring the two-year term of probation for the youthful offender sentence, anymore than it could have disregarded the earlier time spent in jail.[4] See State v. Summers, 642 So.2d 742, 743 (Fla.1994) (“[U]pon revocation of probation, the time a probationer has already served on probation for a given offense must be credited toward any new term of probation imposed for that offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense.”). The fact that the maximum lawful sentence could have been fifteen years if the court had not decided to treat Mr. Badger as a youthful offender does not allow us to ignore the trial court’s determination that Mr. Badger was a youthful offender.
We further conclude that Mr. Badger is entitled to credit for the full period of community control between April 2001 and March 2003, even though there were outstanding warrants for his arrest on the affidavits of violation of probation. In 1997, the supreme court held that time of probation or community control is calculated from the date it is imposed until the date of revocation. See Francois v. State, 695 So.2d 695 (Fla.1997); see also Jolly v. State, 699 So.2d 303 (Fla. 2d DCA 1997). The legislature amended section 948.06(l)(d) to toll a term of community control or probation when an affidavit of violation is filed. See Ch. 2001-109, § 1, at 911-12, Laws of Fla. That amendment became effective on July 1, 2001. See id., § 2, at 913. In this ease, however, both Mr. Badger’s offense and the entry of the order of community control and probation occurred before the effective date of the amendment to the statute. As a result, the tolling provisions in section 948.06(l)(d) do not apply in this case. See Guevara v. State, 983 So.2d 738, 739 n. 2 (Fla. 3d DCA 2008) (declining to apply 2001 tolling provision where offense was committed in December 1998); Frye v. State, 885 So.2d 419 (Fla. 1st DCA 2004) (prohibiting retroactive application as measured by date of offense); see also Harper v. State, 955 So.2d 617 (Fla. 5th DCA 2007) (permitting application of tolling provisions where order of probation was entered after the effective date of the statute). To the extent that our decision conflicts with the Fourth District’s decision in Shenfeld v. State, 14 So.3d 1021, 1024 (Fla. 4th DCA 2009), we certify a conflict.[5] Consequently, the filing of affidavits of violation did not operate to toll Mr. Badger’s term of community control such that he would be entitled to less than the full amount of credit for the time he served on community control.
We have not overlooked the fact that Mr. Badger is effectively receiving “double” credit for the time he spent in jail awaiting resolution of his violation of community control in this case. There is case *817 law holding that probation is automatically tolled when a defendant is placed into prison for an unrelated offense. See, e.g., State v. Savage, 589 So.2d 1016, 1018 (Fla. 5th DCA 1991) (holding probation was tolled while defendant was incarcerated in another county on an unrelated offense). Here, by contrast, Mr. Badger was in jail on both the violations of community control in this case and for new offenses. That Mr. Badger received jail credit for this time served does not eliminate his entitlement to a separate credit to ensure that the total term of his sentence upon revocation is within the six-year statutory maximum. Compare Bragg v. State, 644 So.2d 586, 587 (Fla. 1st DCA 1994) (holding “trial court must give credit for any time previously served on probation if the new period of probation together with other sanctions (including jail and prison credit) and the time previously served on probation total more than the statutory maximum”).
Finally, even prior to the statutory amendment in 2001, there was authority for the proposition that probation is automatically tolled during a period when the probationer has absconded. See Kimball v. State, 890 So.2d 495, 496 (Fla. 5th DCA 2004). This presents perhaps the most difficult aspect of this case. It appears likely that Mr. Badger may have absconded for most of the period between April 2001 and his arrest in August 2002. At the violation of community control hearing in March 2003, the State briefly argued that Mr. Badger had committed new substantive offenses and had absconded. If the trial court had properly announced its grounds for revocation at that hearing and the grounds had included absconding, then there would have been no need to give credit for the community control against the youthful offender term of probation.
We have considered whether we should remand this case in late 2009 to determine the trial court’s grounds for revocation at the hearing in March 2003. We conclude that, for these purposes, it was not the defendant’s obligation to force the trial judge to recite grounds or enter a proper written order. At this late juncture, the trial court’s record does not contain a legal basis to toll the period of community control at any point prior to March 2003. We are constrained to hold that, in light of the required credit for this community control, the term of probation under the youthful offender sentence expired before the State filed the affidavit of violation of probation that resulted in the current fifteen-year sentence. Accordingly, we reverse that sentence and order that it be vacated on remand.
Affirmed in part, reversed in part, and remanded.
WHATLEY and KHOUZAM, JJ., Concur.

. It appears that the sentences in these cases have now been fully served. As a result of our decision concerning the sentence in case number 00-CF-21191, Mr. Badger appears to be entitled to be released.

. This opinion was modified as a result of Mr. Badger’s motion for rehearing. This section of the opinion was added on rehearing.

.The failure to enter proper orders of revocation has been a chronic problem in the Thirteenth Judicial Circuit. See, e.g., Johnson v. State, 17 So.3d 1290 (Fla. 2d DCA 2009); Dawkins v. State, 936 So.2d 710 (Fla. 2d DCA 2006).

. It may be that Mr. Badger could have agreed to waive credit for this term of community control in exchange for the favorable youthful offender sentence, but that did not occur in this case.

. In Shenfeld, the Fourth District held that the 2007 amendments to section 948.06(1), Florida Statutes, which removed the requirement of issuance of a warrant to toll the probationary period, were procedural in nature and did not violate ex post facto principles. 14 So.3d at 1024.