PER CURIAM.
 

 We affirm the trial court’s order summarily denying appellant’s rule 3.850 motion for postconviction relief. Appellant claimed that the trial court’s application of the 2001 amendment to section 948.06(1), Florida Statutes was retroactive in violation of the prohibition against ex post facto laws. We do not agree. While the underlying offense for which appellant was placed on probation is alleged to have occurred before the statutory change, appellant was not placed on probation until well after the statutory change.
 
 See Harper v. State,
 
 955 So.2d 617, 618 (Fla. 5th DCA 2007). To the extent that our decision conflicts with the First District’s decisions in
 
 Frye v. State,
 
 885 So.2d 419 (Fla. 1st DCA 2004) and
 
 Harris v. State,
 
 893 So.2d 669 (Fla. 1st DCA 2005) regarding the crucial date, we certify a conflict.
 
 [1]
 

 See Shenfeld v. State,
 
 14 So.3d 1021, 1024 (Fla. 4th DCA 2009) (holding that retroactive application of the 2007 amendment to section 948.06(1)(d), Florida Statutes, did not constitute an ex post facto violation).
 
 [2]
 

 Affirmed.
 

 TAYLOR, MAY and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . In
 
 Harris v. State,
 
 the First District reiterated its holding from
 
 Frye
 
 that the 2001 amendment to section 948.06(1), Florida Statutes, would violate ex post facto protections if applied to sentences of persons whose
 
 offenses
 
 were committed before the effective date of the amendment (emphasis added). 893 So.2d at 670.
 

 [2]
 

 . This court in
 
 Shenfeld
 
 previously certified a conflict with the First District's decisions in
 
 Frye
 
 and
 
 Hams
 
 with respect to whether retroactive application of amendments to section 948.06, Florida Statutes constituted an ex post facto violation under the second prong of the ex post facto test.