CANADY, C.J.
In this case, we consider whether a statutory amendment relating to the circumstances in which a probationary period is tolled pending consideration of an alleged probation violation may constitutionally be applied to a probationer who was placed on probation before the amendment became effective. We have for review the decision of the Fourth District Court of Appeal in Shenfeld v. State, 14 So.3d 1021 (Fla. 4th DCA 2009), in which the Fourth District certified that its decision is in direct conflict with the decisions of the First District Court of Appeal in Harris v. State, 893 So.2d 669 (Fla. 1st DCA 2005), and Frye v. State, 885 So.2d 419 (Fla. 1st DCA 2004). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we agree with the Fourth District that the application of the statutory amendment to a probationer who was placed on probation before the amendment became effective did not violate the constitutional prohibition of ex post facto laws.
I. BACKGROUND
In July 2002, Jason Shenfeld pleaded guilty to a robbery committed earlier that year. In September 2002, the trial court adjudicated Shenfeld guilty, sentenced him to five years’ incarceration, suspended the sentence, and ordered him to serve five years of drug offender probation. In 2004, Shenfeld filed a motion to terminate his probation. The trial court declined to terminate probation, but it modified Shen-feld’s probation to administrative probation. On July 23, 2007, before Shenfeld’s probation expired, an affidavit of violation of probation was filed, alleging that Shen-feld had committed several violations by committing new crimes. Shenfeld had been arrested without a warrant for allegedly committing first-degree murder, sexual battery, and false imprisonment on July 21, 2007. On October 1, 2007, after Shen-feld’s probation would have expired absent tolling, an amended affidavit was filed. The amended affidavit changed the dates of Shenfeld’s alleged violations. Shenfeld, 14 So.3d at 1023.
When Shenfeld was placed on probation, section 948.06(1), Florida Statutes (2001), provided that “[u]pon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901.02, the probationary period is tolled until the court enters a ruling on the violation.” Florida district courts of appeal held that under the 2001 version of section 948.06(1), “[b]oth the filing of an affidavit of violation and the issuance of an arrest warrant are required to toll the probationary period, and the mere filing of the affidavit is insufficient.” Jones v. State, 964 So.2d 167, 170 (Fla. 5th DCA 2007) (citing Sepulveda v. State, 909 So.2d 568, 570 (Fla. 2d DCA 2005)). In 2007, the Legislature amended section 948.06(1) to allow for tolling of the probationary period “[ujpon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901.02, a warrantless arrest under this section, or a notice to appear under this section.” § 948.06(l)(d), Fla. Stat. (2007). This amendment became effective June 20, 2007. Ch. 2007-210, § 7, at 1938, Laws of Fla. The amended statute thus was in effect when Shen-feld violated his probation.
*99 Relying on the 2001 version of section 948.06(1), Shenfeld moved to dismiss the affidavits of violation of probation. Shen-feld contended that because he was arrested without a warrant and no arrest warrant for the violations was issued during his probationary period, his probation was never tolled and the trial court lacked jurisdiction to revoke his probation once the probationary period expired. Shenfeld farther asserted that application of the 2007 version of section 948.06(1) to him was an ex post facto violation.
The trial court denied Shenfeld’s motion to dismiss, explaining that its denial was on the basis that the original affidavit of violation was timely and the amended affidavit did not allege new charges. The trial court did not expressly address Shen-feld’s argument that because no arrest warrant was issued, his probation was not tolled and the trial court lacked jurisdiction to revoke his probation. After an evidentiary hearing, the trial court found that Shenfeld had violated his probation and revoked that probation. The trial court sentenced Shenfeld to fifteen years in prison. Shenfeld, 14 So.3d at 1023.
Shenfeld appealed his sentence and the trial court’s ruling on his motion to dismiss to the Fourth District Court of Appeal. Shenfeld raised two issues.
First, Shenfeld asserted that the trial court erred by sentencing him to fifteen years because that sentence exceeded his original split sentence. The Fourth District concluded that Shenfeld did receive a true split sentence and that the maximum sentence he could have received after violating his probation thus was five years. Id. at 1025.
Second, Shenfeld argued that the trial court violated the prohibition on ex post facto laws by retroactively applying section 948.06(1), Florida Statutes (2007), in his case. Shenfeld continued to assert his argument that had the trial court applied the probation tolling statute that was in effect when he was originally placed on probation, the trial court would not have had jurisdiction to consider the alleged violations of probation. The Fourth District concluded that the application of section 948.06(1), Florida Statutes (2007), to Shen-feld’s revocation of probation proceeding was not an ex post facto violation because it determined that the 2007 amendment to section 948.06(1) was procedural in effect. The Fourth District reasoned that the revision was procedural in nature because the purpose and effect of the amendment was to toll the probationary period in order to allow the alleged violations of probation to be heard. Accordingly, the Fourth District concluded that the trial court had jurisdiction to revoke Shenfeld’s probation and sentence him. Shenfeld, 14 So.3d at 1023-24.
The State cross-appealed, arguing that Shenfeld’s sentence was an illegal downward departure, that he was improperly placed on drug offender probation, and that he was improperly placed on administrative probation. The Fourth District concluded that because the State did not object to or timely appeal from any of the alleged errors by the trial court, the State had waived its arguments. Id. at 1025.
Based on the foregoing, the Fourth District reversed and remanded with directions that the trial court sentence Shen-feld to a term of five years. In addition, the Fourth District certified conflict with Harris and Frye on the issue of whether application of an amendment to section 948.06(1) affecting the tolling of probation was an ex post facto violation. Shenfeld, 14 So.3d at 1024. We accepted jurisdiction.
II. ANALYSIS
On appeal, Shenfeld contends that the 2007 version of section 948.06(1) could *100 not constitutionally be applied to him and that the trial court therefore erred in denying his motion to dismiss. Specifically, Shenfeld asserts that the ex post facto clauses of the United States Constitution and the Florida Constitution prohibit retroactive application of section 948.06(1), Florida Statutes (2007), in his revocation of probation proceeding. The State contends that section 948.06(1), Florida Statutes (2007), was not applied retroactively in this case and, alternatively, that if the statute was applied retroactively, the application was constitutional.
The United States Constitution provides that “[n]o State shall ... pass any ... ex post facto Law.” U.S. Const, art. I, § 10, cl. 1. The Florida Constitution similarly states that “[n]o ... ex post facto law ... shall be passed.” Art. I, § 10, Fla. Const.
The constitutional prohibition of ex post facto laws forbids the enactment of “laws with certain retroactive effects.” Stogner v. California, 539 U.S. 607, 610, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003). The four categories “of ex post facto laws set forth by Justice Chase more than 200 years ago in Calder v. Bull[, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798),]” have been “recognized as providing an authoritative account of the scope of the Ex Post Facto Clause.” Stogner, 539 U.S. at 611, 123 S.Ct. 2446. These are the four categories set forth by Justice Chase:
1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.
Id. at 612, 123 S.Ct. 2446 (quoting Calder, 3 U.S. (3 Dall.) at 390-91) (emphasis removed). All ex post facto claims must be evaluated in the light of these four categories. In determining whether an ex post facto violation has occurred, it is “a mistake to stray beyond Calder’s four categories.” Carmell v. Texas, 529 U.S. 513, 539, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000) (emphasis removed).
It is evident that the four Calder categories do not encompass every law effective after the commission of an offense and applied in the proceedings regarding the offense. The prohibition of ex post facto laws thus “does not give a criminal a right to be tried, in all respects, by the law in force when the crime charged was committed.” Dobbert v. Florida, 432 U.S. 282, 293, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977) (quoting Gibson v. Mississippi, 162 U.S. 565, 590, 16 S.Ct. 904, 40 L.Ed. 1075 (1896)). And the mere fact that a statutory change “[alters] the situation of a party to his disadvantage” is not sufficient to bring that change within the scope of the ex post facto clause. Collins v. Youngblood, 497 U.S. 37, 50, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) (quoting from and overruling Kring v. Missouri, 107 U.S. 221, 235, 2 S.Ct. 443, 27 L.Ed. 506 (1883)). Detriment to the defendant is necessary but not sufficient to establish an ex post facto violation. “[E]ven if a law operates to the defendant’s detriment, the ex post facto prohibition does not restrict ‘legislative control of remedies and modes of procedure which do not affect matters of substance.’ ” Miller v. Florida, 482 U.S. 423, 433, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (quoting Dobbert, 432 U.S. at 293, 97 S.Ct. 2290); see also Beazell v. Ohio, 269 U.S. 167, 171, 46 S.Ct. 68, 70 L.Ed. 216 (1925). *101 Such matters of substance are implicated only when the law falls within one of the four Calder categories.
The 2007 revision to section 948.06(1) at issue here is a matter of procedure that does not fall within any of those categories. The statutory provision expanding the circumstances under which a probationary term could be tolled “neither made criminal a theretofore innocent act [first category], nor aggravated a crime previously committed [second category], nor provided greater punishment [third category], nor changed the proof necessary to convict [fourth category].” Dobbert, 432 U.S. at 293, 97 S.Ct. 2290. Instead, the statutory change simply altered the “modes of procedure” governing the adjudication of probation violations by permitting the tolling of a probationary term without the issuance of an arrest warrant.
Shenfeld’s reliance on State v. Williams, 397 So.2d 663 (Fla.1981), is unavailing. In Williams, this Court held that a statute— enacted after the commission of the charged offense — which allowed the trial court to retain jurisdiction over the first third of the defendant’s statutory maximum sentence could not be constitutionally applied retroactively. The trial court’s retention of jurisdiction gave it the authority to bar the defendant’s parole or gain-time release. This Court explained that retroactive application of the statute would attach “the legal consequences of the trial court’s parole veto and no gain-time release to those who committed crimes before the provision’s effective date” and that as a consequence “the prisoners’ sentences are enhanced.” Id. at 665. The statutory change at issue in Williams thus fell squarely within Calder’s third category— that is, laws inflicting “a greater punishment” than was applicable to the offense at the time it was committed. The statutory revision at issue in this case, in contrast, did nothing to increase the punishment applicable to Shenfeld.
The statutory change challenged by Shenfeld is akin to a statutory extension of a statute of limitations which becomes effective before the statute has run. Such a statutory change — unlike a statute reviving a previously time-barred prosecution— does not fall within the scope of any of the four Calder categories. See Stogner, 539 U.S. at 613, 632-33, 123 S.Ct. 2446 (stating that “[a]fter (but not before) the original statute of limitations had expired, a party such as Stogner was not ‘liable to any punishment’” and concluding “that a law enacted after expiration of a previously applicable limitations period violates the Ex Post Facto Clause when it is applied to revive a previously time-barred prosecution”); Reino v. State, 352 So.2d 853, 861 (Fla.1977) (recognizing that “the legislature could have amended [the statute of limitations] retroactively” with respect to crimes for which “[p]rosecution was not yet barred”). The probation statute amendment here became effective before Shenfeld’s probationary term had expired. If the time for bringing criminal charges may constitutionally be extended before the prosecution has been time-barred, it follows that a provision for tolling may be applied to a probationary term that has not yet expired.
We decline to address the State’s contention that the Fourth District erred in concluding that the trial court could not sentence Shenfeld to fifteen years in prison upon revocation of his probation. The State’s contention is beyond the scope of the certified conflict, and we need not address it. See Raford v. State, 828 So.2d 1012, 1021 n. 12 (Fla.2002).
Finally, we briefly turn to the cases which the Fourth District certified to be in conflict with Shenfeld. Those cases — Harris and Frye — addressed an earlier version *102 of the probation statute than the version at issue in Shenfeld. We decline to specifically address the constitutionality of the earlier version of the statute which has been superseded by the version at issue in Shenfeld.
III. CONCLUSION
We approve the decision of the Fourth District. The 2007 revision to section 948.06(1), Florida Statutes (2007), was procedural in nature. Its application in Shen-feld’s revocation of probation proceeding did not violate the prohibition on ex post facto laws.
It is so ordered.
PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ„ concur.