SCHWARTZ, Senior Judge.
 

 This is an appeal from a judgment and sentence entered on July 7, 2010 upon the revocation of probation for the last of a series of violations of the last of a series of terms of probation first imposed upon the appellant for an offense that occurred on April 19, 1991. The sole issue on appeal concerns the alleged invalidity, under the ex post facto doctrine discussed in
 
 Calder v. Bull,
 
 3 U.S. 386, 3 Dall. 386, 1 L.Ed. 648 (1798), of the 2001 amendment to the “tolling” statute, Fla. Stat. § 948.06(1)(d), pursuant to which the trial court retained and asserted jurisdiction over the proceeding. Subsequent to the filing of the brief of appellant, the Supreme Court decided the controlling case of
 
 Shenfeld v. State,
 
 44 So.3d 96 (Fla.2010), which rejected the identical claim, based there on the alleged affect of the
 
 2007
 
 amendment to Fla. Stat. § 948.06(1)(d).
 
 Shenfeld
 
 was taken on conflict jurisdiction, certified by the Fourth District between its decision in
 
 Shenfeld,
 
 14 So.3d 1021 (Fla. 4th DCA 2009), which the Supreme Court approved, and
 
 Harris v. State,
 
 893 So.2d 669 (Fla. 1st DCA 2005) and
 
 Frye v. State,
 
 885 So.2d 419 (Fla. 1st DCA 2004), which directly involved the 2001 amendment and upon which the appellant primarily relied. While
 
 Shenfeld
 
 specifically declined to “address the constitutionality of the earlier version of the statute,” 44 So.3d at 102, there is no principled difference in the two statutes as to the legal point in issue. Hence we affirm the judgment and sentence under review on the authority of the reasoning in
 
 Shenfeld v. State.
 
 See also
 
 Palmer v. State,
 
 4D09-3980, 37 So.3d 977 (Fla. 4th DCA June 23, 2010);
 
 Harper v. State,
 
 955 So.2d 617 (Fla. 5th DCA 2007).
 

 Affirmed.