**Gerald J. RAUCH, Petitioner,**

v.

**Ramon L. GRAY, Warden, Respondent.**

**No. 71-C-422.**

United States District Court,
E. D. Wisconsin.

May 15, 1972.

Gerald J. Rauch, pro se.

Robert W. Warren, Atty. Gen., Madison, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The petitioner has applied for a writ of habeas corpus seeking discharge from confinement in the Wisconsin state prison at Waupun. After a return to the petition was filed by the respondent, an attorney was appointed to represent Mr. Rauch, and an oral hearing was held in this court on April 19, 1972.

Pursuant to Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), at the conclusion of the oral hearing, this court set aside the sentence imposed by a Milwaukee county court on September 29, 1970, following the revocation of the probation to which Mr. Rauch had been sentenced after his December 12, 1967 conviction for issuing worthless checks. This court also held after the aforesaid hearing that United States ex rel. Singleton v. Woods, 440 F.2d 835 (7th Cir. 1971), would not be applied retroactively so as to invalidate either the county court convictions or Mr. Rauch's subsequent conviction by a state circuit court on April 29, 1968, of abandonment. See Babich v. Cady, 346 F.Supp. 286 (E.D.Wis., No. 71-C-371, decided Jan. 18, 1972). The resolution of the other issues raised in Mr. Rauch's petition, however, was deferred until the present decision.

Following his conviction of abandonment by the state circuit court, Mr. Rauch was placed on two years' probation to commence on June 10, 1968, with the first 60 days of such probation to be served in jail during those times when he was not employed, pursuant to § 57.-01(6), Wis.Stats. On October 28, 1970, at the conclusion of an evidentiary hearing at which appointed counsel repre-

sented the petitioner, the circuit court revoked Mr. Rauch's probation.

The petitioner argues that the circuit court was without jurisdiction to revoke his probation because the two-year period of probation had expired prior to October 28, 1970. Mr. Rauch also asserts that the revocation hearing was "fatally defective because of the failure of the Circuit Court to clarify whether or not the sentence [imposed after revocation] was intended to be consecutive or concurrent to the other sentences being served by the petitioner." Finally, the petitioner contends that he has been deprived of his constitutional rights because the county court trials were not transcribed and because a transcript of the circuit court proceedings was not prepared until after the time for appeal had expired.

■ I believe that the circuit court had jurisdiction to revoke Mr. Rauch's probation. On July 16, 1968, the latter court issued a capias for the petitioner's arrest following a report that Mr. Rauch had absconded from supervision on June 17, 1968. Mr. Rauch was arrested on December 3, 1968, and, on December 6, 1968, his probation was "continued for the balance of the original term." Thus, the circuit court probation was tolled for approximately five months while the petitioner was absent; since Mr. Rauch's two-year period of probation began on June 10, 1968, it is apparent that the circuit court had jurisdiction over the petitioner on October 28, 1970, the date on which his probation was revoked. See § 57.072, Wis.Stats.

The petitioner argues that the circuit court failed to make clear whether the sentence imposed following revocation was concurrent with, or consecutive to, the county court sentences. This contention needs no discussion because the circuit court sentence was commuted by the governor on March 21, 1972, to two years concurrent with the county court sentences, and also because this court has already set aside the county court sentences. Finally, I believe that Mr.

Rauch's assertion that he was deprived of fourteenth amendment rights by the lack of, or the delay in the preparation of, transcripts of the county and circuit court proceedings cannot provide a basis for the relief requested in the present application for a writ of habeas corpus.

■ With regard to the circuit court proceedings on April 29, 1968, or the revocation of probation by the circuit court on October 28, 1970, the petitioner need not have waited for the preparation of a transcript before taking an appeal; there is nothing presently before the court to suggest that Mr. Rauch was refused a transcript or that one was otherwise unavailable. Cf. White v. Lane, 321 F.2d 298 (7th Cir. 1963); United States ex rel. Smart v. Pate, 318 F.2d 559 (7th Cir. 1963). In my opinion, there has been no infringement of the petitioner's constitutional rights, and the absence of a transcript until after the expiration of the time for appeal does not warrant the issuance of a writ of habeas corpus. I reach this conclusion notwithstanding the provisions of § 973.08, Wis.Stats. An appeal from a *county court* conviction for a misdemeanor is to the circuit court, pursuant to § 958.075(1), (3), and (5), Wis. Stats., where the appellant is granted a trial de novo.

■ Even if it were determined that Mr. Rauch's contentions would otherwise entitle him to relief, however, I am not persuaded that the petitioner has exhausted his state remedies. The burden is on the petitioner to prove compliance with the exhaustion requirement. Baldwin v. Lewis, 442 F.2d 29, 35 (7th Cir. 1971). Mr. Rauch asserts in his petition that no action has been taken with regard to several post-conviction motions filed in June and July, 1971—although a "motion to vacate judgment and sentence" was denied by the county court on July 23, 1971—and that the state supreme court has refused to appoint counsel to assist him on appeal. However, there is nothing in the record to support the latter claim or to indicate that the petitioner has otherwise ex-

hausted available state corrective process.

Finally, although the petitioner contends that the time for appeal of his convictions has expired, it may be noted that in the very recent case of Peterson v. State, 54 Wis.2d 370, 382, 195 N.W.2d 837, 845 (1972), the Wisconsin supreme court stated:

"If a defendant has not been informed of his right to appeal from the conviction, and if he does not, in fact, bring an appeal, then this court will allow the defendant to pursue a late appeal and will appoint counsel for the defendant who [if he finds merit in the defendant's case] should make the traditional motions for a new trial in the trial court as if the appeal were timely."

For the foregoing reasons, it is my conclusion that Mr. Rauch's petition for a writ of habeas corpus must be denied.