474 So.2d 332 (1985)
Willie B. WARE, Appellant,
v.
STATE of Florida, Appellee.
No. BA-264.
District Court of Appeal of Florida, First District.
July 30, 1985.
Rehearing Denied September 11, 1985.
*333 Michael E. Allen, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Mark C. Menzer, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Willie B. Ware appeals from the final judgment and sentence resulting from a revocation of probation. We affirm the judgment of conviction but reverse and remand for resentencing.
The defendant was charged on December 3, 1977 with aggravated battery and possession of a firearm by a convicted felon. The state nolle prossed the aggravated battery charge; appellant pled guilty to the possession charge and was placed on probation for three years, the probationary period to commence upon the expiration of the sentence he was then serving. The probationary period apparently commenced on May 7, 1979.
On July 23, 1980, an affidavit of violation of probation was filed, alleging that 1) appellant failed to file written monthly reports in June and July of 1980; 2) appellant changed his employment without permission; and 3) appellant changed his residence without permission, "absconded from supervision, and his present whereabouts are unknown to his probation supervisor." The probation officer's report form recommended that "warrant should be issued and revocation hearing held when the defendant is apprehended."
On April 6, 1984, appellant pled guilty to second degree murder in Manatee County and was sentenced to twelve years. An amended affidavit of violation of probation and an amended warrant were filed on May 31, 1984, which included the three previous violations and added the second degree murder conviction.
A probation revocation hearing was held on July 13, 1984, at which appellant admitted all four allegations in the amended affidavit. The trial court revoked appellant's probation based upon all four alleged violations. Appellant requested immediate sentencing. Because of scheduling conflicts, a different public defender represented him at the sentencing.
The public defender who had represented appellant during the plea proceedings had requested that appellant be sentenced under the guidelines. Appellant's counsellor at sentencing noted that no guidelines worksheet had been prepared and requested the court to instruct the office of parole and probation to prepare one. The court's reply indicates an intent to sentence appellant first and allow him to decide afterward whether to elect sentencing under the guidelines.
Appellant's probationary period which commenced on May 7, 1979 would ordinarily have expired on May 6, 1982. He concedes that the trial court had jurisdiction to entertain the original affidavit of violation of probation filed in 1980, but asserts that the court lacked jurisdiction to entertain the amended affidavit filed in 1984 which included a violation which occurred after his probation had expired. The decisions relied upon by appellant, Jess v. State, 384 So.2d 328 (Fla. 3d DCA 1980) and Williams v. State, 406 So.2d 86 (Fla. 1st DCA 1981) are not controlling as they are distinguishable from the case under consideration. In neither of those cases had the defendant "absconded from supervision."
The question to be decided is whether, under the circumstances of this case, appellant's probationary period had expired at the time the amended affidavit was filed. It is suggested by the state, and we agree, that whenever a probationer absconds from supervision his probationary period is tolled. We have found no Florida case law *334 directly on point. Although this appears to be a question of first impression in Florida, case law of other jurisdictions, as well as simple logic, indicates that where a probationer "absconds from supervision," the probationary period is tolled until he is once more placed under probationary supervision.[1]
The record indicates that appellant elected to be sentenced under the guidelines. The trial judge must make an initial determination of the recommended range for a defendant's crime, and only then may he make a determination that the circumstances justify departure. Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1984). The trial judge could not have made this initial determination, because he had no scoresheet before him when he passed sentence. See also Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984).
The decision of the trial court is AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
BOOTH, C.J., and WIGGINTON, J., concur.
NOTES
[1] United States v. Workman, 617 F.2d 48 (4th Cir.1980); Nicholas v. United States, 527 F.2d 1160 (9th Cir.1976); Hall v. Schaeffer, 556 F. Supp. 539 (E.D.Penn. 1983); United States v. Green, 429 F. Supp. 1036 (W.D.Texas, 1977); Rauch v. Gray, 346 F. Supp. 284 (E.D.Wis. 1972); United States v. Gerson, 192 F. Supp. 864 (E.D. Tenn. 1961), affirmed, 302 F.2d 430 (6th Cir.1962); O'Shea v. State, 683 P.2d 286 (Alaska Ct. App. 1984); Gillespie v. State, 17 Wash. App. 363, 563 P.2d 1272 (1977).