WARNER, C.J.
Appellant challenges the trial court’s order revoking her probation and sentencing her to five days in jail for grand theft, arguing that the court lacked jurisdiction. Although the probationary period had expired when the warrant charging appellant with a probation violation was delivered to the sheriffs office, the trial court determined that the appellant had absconded by failing to file monthly reports, thus tolling the period. We hold that failure to follow the terms of probation did not constitute an absconding by appellant and thus reverse the order of the trial court.
Appellant was arrested for grand theft. On April 18, 1994, the trial court withheld adjudication and placed her on probation for eighteen months. She was also ordered to pay restitution and court costs. On October 12, 1995, appellant’s probation officer prepared an affidavit of violation of probation. The next day, on October 13, 1995, the court issued a warrant for appellant’s arrest for violating the conditions of her probation; namely, for failure to submit monthly reports during August and September of 1995 and for failure to pay restitution and costs. Unfortunately, the *1180 sheriffs department did not receive the warrant until October 19, 1995, one day after appellant’s probation period had terminated.
Several years later, on April 2, 1998, the affidavit was filed and served on appellant. At the hearing on the violation the state acknowledged that the warrant was delivered to the sheriff beyond the probationary period, thus terminating the court’s jurisdiction, see State v. Boyd, 717 So.2d 524, 526 (Fla.), rev. dismissed, 719 So.2d 286 (Fla.1998), but argued that the period was tolled where the probationer absconds from supervision. See Gordon v. State, 649 So.2d 326, 328 (Fla. 5th DCA 1995). The state, relying on Ware v. State, 474 So.2d 332, 333 (Fla. 1st DCA 1985), asserted that appellant had “absconded” when she failed to report to her probation officer and that as a consequence the period of probation was tolled in September of 1995.
In Ware, the court found that the probationer had absconded from supervision when he changed his place of employment and residence without permission. Appellant’s case is distinguishable. At the revocation hearing, Young testified that she did not change her residence and that her probation officer could have found her there had she looked.
Notwithstanding the decision in Ware, the supreme court stated in Francois v. State, 695 So.2d 695, 697 (Fla.1997), that failure to meet conditions of probation does not toll the probationary period. The court noted that failing to meet probation conditions is not the same as absconding. See id. at 697. “The situations are different because a probationer remains under supervisory restraint after an affidavit of violation is filed and an affidavit can be amended to include subsequent violation allegations. One who absconds from supervision is no longer under the controlling arm of the state.” Id.
The failure to file monthly reports is simply a violation of a condition of probation. In this case, appellant continued to be under the “controlling arm of the state” as is demonstrated by the fact that the state arrested her based upon the affidavit of violation. Appellant was not hiding, nor had she departed from the jurisdiction of the state. She simply failed to make a report. Had her probation officer visited appellant at her listed address, she would have been able to find her, and an affidavit of violation could have been served on her at any time at that location. We hold that appellant had not absconded from supervision by failing to file her monthly reports. Therefore, the probationary term was not tolled, and the affidavit of violation was filed past the end of the term. The court had no jurisdiction to revoke the already terminated probation.
Reversed with directions to vacate the order of probation violation and sentence.
KLEIN and TAYLOR, JJ., concur.