FARMER, J.
In July 1993, Langley pleaded no contest to burglary and battery on an elderly person. The court withheld adjudication and sentenced him to concurrent five year probation terms on each charge. An affidavit of violation of probation was filed on January 22, 1998, alleging that Langley failed to report to his probation officer for three months in late 1997. On April 24, 2001, Langley pleaded guilty to violating probation. The court thereupon reinstated his probation for two additional years with a special condition of 169 days in jail, and credit for time served. He timely moved to correct an illegal sentence, pointing out that five years was the maximum sentence for his crimes, and that at the time of sentencing on the VOP he had already served more than five years of probation for these offenses. The trial judge denied his motion. We reverse.
Upon revocation of probation, the time served on probation for a given offense must be credited toward any new term of probation imposed for that same offense, when necessary to ensure that the entire term of probation does not exceed the statutory maximum for an offense. *827 State v. Summers, 642 So.2d 742 (Fla.1994) (holding that State v. Holmes, 360 So.2d 380 (Fla.1978), is distinguishable). Under these circumstances, the probationary period is not a sentence within the meaning of section 948.06.[1] Summers, 642 So.2d at 744. Accordingly, section 948.06 does not apply. Summers, 642 So.2d at 744 (finding that section 948.06 “speaks only to the situation where a ‘sentence’ is imposed upon revocation of probation or community control.”).
Because Langley had already served more than five years on probation when his probation was revoked, the trial court had no authority to impose any additional probation for these offenses. See also Hughes v. State, 667 So.2d 910 (Fla. 4th DCA 1996) (finding that only a valid order of revocation terminates probation). We reject the state’s argument that the mere failure to file reports, without more, requires the court to toll the period of probation. See Young v. State, 739 So.2d 1179, 1180 (Fla. 4th DCA 1999) (holding that failure to file reports is mere violation of probation, not equivalent to absconding, and thus does not toll the period of probation).
REVERSED.
GUNTHER and HAZOURI, JJ., concur.

. § 948.06, Fla. Stat. (1993) ("[n]o part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he shall be sentenced to serve....”).