890 So.2d 495 (2004)
Mary Jo KIMBALL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3179.
District Court of Appeal of Florida, Fifth District.
December 30, 2004.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Mary Jo Kimball appeals her sentence for uttering a forgery and burglary of a structure entered after the trial court revoked her probation. We remand for a determination of the proper amount of credit Kimball should be given for time previously served on community control.
Initially, Kimball was sentenced to six months of community control followed by 12 months of drug offender probation. The state filed an affidavit of violation of *496 community control, and after a hearing, the trial court revoked Kimball's probation. The trial court re-sentenced Kimball to two years in prison followed by three years of probation.
Kimball contends that because she did not receive credit for time served on community control, the sentence of two years in prison followed by three years of probation exceeds the five-year statutory maximum permitted for the third-degree felony offenses. The state concedes the sentence was improper, but contends that because Kimball had absconded from supervision, the probationary period was tolled until Kimball was returned to supervision. We agree with both contentions.
Upon revocation of probation, credit must be given for time previously served on probation toward any newly-imposed probationary term for the same offense to insure that the total term of probation does not exceed the statutory maximum for that offense. State v. Summers, 642 So.2d 742, 743 (Fla.1994); Langley v. State, 839 So.2d 826 (Fla. 4th DCA 2003). However, when a probationer absconds from supervision, the probationary period is tolled until the probationer is returned to supervision. Ware v. State, 474 So.2d 332, 334 (Fla. 1st DCA 1985).
Accordingly, the sentence is vacated, and the case is remanded to the trial court for a determination of the proper amount of credit Kimball should be given for time served on community control.
CONVICTION AFFIRMED; SENTENCE VACATED, CAUSE REMANDED.
GRIFFIN and PALMER, JJ., concur.