FORST, J.
Appellant Milton Mobley raises a number of issues with the trial court’s revocation of his probation and imposition of a nearly twenty-eight-year sentence. Because we agree that Appellant’s probation had in fact expired before the trial court revoked it, we reverse.[1]
Background
Appellant pled no contest to various charges stemming from two cases and, on ' March 7, 2011, was placed on eighteen months’ probation. That probation was therefore set to expire on Septembér 7, 2012.
On August 9, 2012, a probation officer filed affidavits in both cases alleging that Appellant violated his probation by failing to make both restitution payments and a drug testing fee payment. The very same day, the trial court issued warrants to arrest Appellant based on those affidavits.
On September 27, 2012 — twenty days after his probation was scheduled to expire — Appellant had his probation extended by two years for the violations in the affidavits. Shortly after this extension, Appellant led police on a high-speed motorcycle chase and was again charged with violation of probation for various reasons including the chase.
After a hearing on Appellant’s violation of probation relating to the chase, the trial court found that Appellant violated his probation and sentenced him to 332.95 months in prison based on his original offenses from March of 2011.
On appeal, Appellant argues that his probation expired on September 7, 2012 and, therefore, that its subsequent extension and later revocation must be réversed because the trial court lacked subject matter jurisdiction.
*574 Analysis
“Whether a court has subject matter jurisdiction is a question of law reviewed de novo.” Sanchez v. Fernandez, 915 So.2d 192, 192 (Fla. 4th DCA 2005). “It is axiomatic that ‘[o]nce a term of probation has expired, a court lacks jurisdiction to entertain an application for revocation of probation based on a violation which occurred during the probation period unless, during the term of probation, appropriate steps were taken to revoke or modify probation.’ ” Shenfeld v. State, 14 So.3d 1021, 1023 (Fla. 4th DCA 2009) (alteration in original) (quoting Clark v. State, 402 So.2d 43, 44 (Fla. 4th DCA 1981)). The State argues that, in this case, the tolling provisions of section 948.06(l)(f), Florida Statutes (2012), were effectuated and, therefore, the exception described in Shenfeld is applicable to this case.
A probationer’s probation period is tolled when certain criteria are met. “Upon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901.02, a warrantless arrest under this section, or a notice to appear under this section, the probationary period is tolled until the court enters a ruling on the violation.” § 948.06(l)(f), Fla. Stat. In a situation where there is no warrantless arrest or notice to appear, as is true in this case, “[b]oth the filing of an affidavit of violation and the issuance of an arrest warrant are required to toll the probationary period.” Sepulveda v. State, 909 So.2d 568, 570 (Fla. 2d DCA 2005).
The statute is very specific on the warrant required: “a warrant under s.901.02.” § 948.06(l)(f) (emphasis added). The warrants issued on August 9 in this case do not reference the statute under which they were based. We therefore must determine whether they were issued under section 901.02.
Section 901.02 requires that a judge be “satisfied that probable cause exists for the issuance of an arrest warrant for any crime committed .... ” § 901.02 (emphasis added). The State does not argue that the violations of probation that were alleged in the affidavit (failure to make various payments) were “crimes.” Instead, the State argues that Appellant’s original offenses which led him to be placed on probation in the first place constituted the crimes necessary to bring the warrant under section 901.02. The State’s argument here is unpersuasive. The warrants clearly list Appellant’s previous crimes only in a descriptive manner, and order that the Sheriffs of Florida arrest Appellant only for the alleged failure-to-pay violations. Those violations, as already noted, were not “crimes.”
Section 948.06(l)(f) is clear that a warrant under section 901.02 is required in order for the probationary period to be tolled (except when one of the other two alternatives are applicable, as is not the case here). Section 901.02 in turn requires that the warrant be for a “crime.” Here, the warrants issued were for violations of probation based on the failure to make restitution payments and a payment for drug testing. These are not “crimes.” The warrants were therefore not issued under section 901.02, and Appellant’s probation was never tolled.
Conclusion
Appellant’s probation ended on September 7, 2012 — twenty days before its purported extension. Without that extension, Appellant was not on probation when his probation was eventually purportedly revoked and his incarceration sentence imposed. We therefore reverse and remand *575 for the proceedings against Appellant to be dismissed.[2]

Reversed.

STEVENSON and GROSS, JJ, concur.

. This determination renders Appellant's other issues moot,

. Because the issues were not raised, we offer no opinion on whether and how the State may recover the missed payments if they have not yet been recovered or whether the State may charge Appellant for crimes related to the motorcycle chase.