DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT LEWIN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4604

[June 8, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Matthew I. Destry, Judge; L.T. Case No. 12006003CF10A.

Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Robert Lewin appeals a final order revoking his probation and imposing a five-year prison sentence. We hold that the trial court lacked jurisdiction to revoke Lewin's probation and reverse and remand for the proceedings against him to be dismissed. Because of our decision on the jurisdictional issue, Lewin's remaining arguments are rendered moot.

Lewin pleaded no contest to grand theft and forgery charges and, on December 13, 2012, was sentenced to two years of probation. On November 12, 2014, a month before Lewin's probation was scheduled to expire, his probation officer filed an affidavit of violation of probation alleging that Lewin violated the terms of probation by: (1) failing to make restitution payments; (2) failing to pay drug testing fees; and (3) failing to pay costs of supervision. On that same day, the trial court issued a warrant for Lewin's arrest based on the violations alleged in the affidavit.

On April 29, 2015, more than four months *after* Lewin's probation was scheduled to expire, the trial court extended his probation and added two

years of drug offender probation. Shortly thereafter, Lewin purportedly violated the terms of his extended probation and, following a hearing, the trial court revoked his probation and sentenced him to five years in prison. This appeal follows.

In *Mobley v. State*, 41 Fla. L. Weekly D912, D913 (Fla. 4th DCA Apr. 13, 2016), *cert. denied*, No. SC16-936 (Fla. June 6, 2016), we held that an affidavit of violation of probation which merely alleges technical violations, such as failure to pay restitution and/or probation related fees, and the accompanying arrest warrant based on those same violations, does not toll the probationary period. Based on *Mobley*, Lewin argues that his probation expired on December 13, 2014 and, therefore, the trial court was without jurisdiction to extend and subsequently revoke his probation. The State concedes error, and we agree.

*Reversed and remanded for the proceedings against Lewin to be dismissed and for his sentence based on the violation of probation to be vacated.*

LEVINE and FORST, JJ., concur.

*           *           *

***Not final until disposition of timely filed motion for rehearing.***

2