GERBER, J.
The defendant petitions for a writ of prohibition following the circuit court’s order denying his motion-to dismiss various violation of probation (VOP). warrants. He argues that the court lacked subject matter jurisdiction over the warrants because, pursuant to Mobley v. State, 197 So.3d 572 (Fla. 4th DCA 2016), the warrants alleged non-criminal VOPs, and he was not arrested on the warrants until after his probation term expired. We conclude that the defendant’s argument lacks merit. Here, unlike Mobley, the VOPs ultimately alleged that, during the defendant’s probation term, he had absconded from supervision, which would be an independent basis for tolling his probation term. Therefore, we deny the defendant’s petition.
We present this opinion in three parts:
1. the procedural history;
2. an examination of Mobley; and
3. why'Mobley is inapplicable here.
1. The Procedural History
Fifteen months before the defendant’s probation term was set to expire absent any tolling, his probation officer filed an affidavit alleging two VOPs: failure to pay costs of supervision and failure to report. The circuit court issued a warrant based on the affidavit.
Seven months before the defendant’s probation term was set to expire absent any tolling, his probation officer filed an amended affidavit adding two more alleged VOPs: failure to make restitution payments and changing residence without the probation officer’s consent. The amended affidavit further alleged that the defendant’s “current whereabouts is unknown.” The circuit court issued a second warrant based on the amended affidavit.
One month after the defendant’s probation term was set to expire absent any tolling, he was arrested for new crimes. Upon the arresting agency’s apparent discovery that the defendant also had outstanding VOP warrants, he also was taken into custody on those warrants.
Two months after the defendant’s probation term was set to expire absent any tolling, the probation officer filed a second amended affidavit adding the two new crimes as additional VOPs.
The defendant filed a motion to dismiss the two warrants and the second amended affidavit. In the motion, the defendant argued that, pursuant to Mobley, because the warrants did not charge new crimes, the warrants did not toll his probation term. Therefore, because he was not arrested until after his probation term expired, the court lacked subject matter jurisdiction over the warrants and the second amended affidavit.
After a hearing, the circuit court orally denied the defendant’s motion to dismiss. *919 The court reasoned that even if the defendant’s motion to dismiss was valid under Mobley, it had issued a “standing order,” before placing the defendant on probation and before Mobley, providing that any VOP warrant which it issued tolled the corresponding probation term until it resolved the violation. The trial court recognized that, if “the Fourth DCA says the Court doesn’t have the power to do what I did, then it will effectively nullify my order as I’ve made a finding today that pursuant to Mobley, he may be entitled to release.”
Following the court’s oral ruling, the state noted for the record “that the violation could be considered a new law offense since there’s an absconding element to it.”
The court later entered a written order denying the defendant’s motion to dismiss for the reasons stated on the record.
This petition followed. As in the circuit court, the defendant argues that, pursuant to Mobley, because the two warrants did not charge new crimes, the warrants did not toll his probation term. Therefore, because he was not arrested until after his probation term expired, the court lacked subject matter jurisdiction over the warrants and the second amended affidavit.
We have jurisdiction. See English v. McCrary, 348 So.2d 293, 296 (Fla.1977) (an appellate court may issue a writ of prohibition when a court within the appellate court’s supervision is “exceeding jurisdiction or usurping jurisdiction over matters not within its jurisdiction”).
2. An Examination of Mobley
To evaluate the defendant’s argument, we examine Mobley in detail.
In Mobley, one month before the defendant’s probation term was set to expire absent any tolling, his probation officer filed an affidavit alleging two VOPs: failing to pay restitution and failing to pay a drug testing fee. The circuit court issued a warrant based on the affidavit. 197 So.3d at 573.
Twenty days after the defendant’s probation term was set to expire absent any tolling, the circuit court extended the defendant’s probation term for two more years for the VOPs. Id.
Shortly after this extension, the defendant was arrested for a new crime which became the basis for another VOP against the defendant. Id.
Based on that new VOP, the circuit court revoked the defendant’s probation and sentenced him to prison on his original offenses. Id.
On appeal, the defendant argued that upon his probation term’s expiration absent any tolling, the circuit court lacked subject matter jurisdiction to later extend and revoke his probation. Id.
The state argued that the defendant’s probation term became tolled upon the circuit court issuing a warrant based upon the probation officer’s affidavit. Id. at 574. In support, the state relied upon Shenfeld v. State, 14 So.3d 1021 (Fla. 4th DCA 2009), for the following proposition:
It is axiomatic that once a term of probation has expired, a court lacks jurisdiction to entertain an application for revocation of probation based on a violation which occurred during the probation period unless, during the term of probation, appropriate steps were taken to revoke or modify probation.
Id. at 1023 (emphasis added; citation and internal brackets and quotation marks omitted).
We agreed with the defendant’s argument and reversed the circuit court’s revocation of his probation and his consequent sentence. Mobley, 197 So.3d at 574. We reasoned:
*920 A probationer’s probation period is tolled when certain criteria are met, “Upon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901.02, a warrantless arrest under this section, or a notice to appear under this section, the probationary period is tolled until the court enters a ruling on the violation.” § 948.06(1)(f), Fla. Stat. In a situation where there is no warrantless arrest or notice to appear, as is true in this case, “[b]oth the filing of an affidavit of violation and the issuance of an arrest warrant are required to toll the probationary period.” Sepulveda v. State, 909 So.2d 568, 570 (Fla. 2d DCA 2005).
The statute is very specific on the warrant required: “a warrant under s. 901.02.” § 948.06(1)(f) (emphasis added). The warrants issued ... in this case do not reference the statute under which they were based. We therefore must determine whether they were issued under section 901.02.
Section 901.02 requires that a judge be “satisfied that probable cause exists for the issuance of an arrest warrant for any crime committed .... ” § 901.02 (emphasis added). The State does not argue that the violations of probation that were alleged in the affidavit (failure to make various payments) were “crimes.” Instead, the State argues that [the defendant’s] original offenses which led him to be placed on probation in the first place constituted the crimes necessary to bring the warrant under section 90T.02. The State’s argument here is unpersuasive. The warrants clearly list [the defendant’s] previous crimes only in a descriptive manner, and order that the Sheriffs of Florida arrest [the defendant] only for the alleged failure-to-pay violations. Those violations, as already noted, were not “crimes.”
Section 948.06(1)© is clear that a warrant under section 901.02 is required in order for the probationary period to be tolled (except when one of the other two alternatives are applicable, as is not the case here). Section 901.02 in turn requires that the warrant be for a “crime.” Here, the warrants issued were for violations of probation based on the faitee to make restitution payments and a payment for drug testing. These are not “crimes.” The warrants were therefore not issued under section 901.02, and [the defendant’s] probation was never tolled.
Mobley, 197 So.3d at 574.
3. Why Mobley is Inapplicable Here
Mobley is inapplicable here because, unlike in Mobley, the VOPs in this case ultimately alleged that, during the defendant’s probation term, he had absconded from supervision, culminating with the allegation that his “current whereabouts is unknown.”
Our supreme court and three of our sister courts have recognized that probation is tolled when a defendant absconds from supervision. See Francois v. State, 695 So.2d 695, 697 (Fla.1997) (“[Absconding from probation tolls the period.... One who absconds from' supervision is no longer under the controlling arm of the state.”); Kimball v. State, 890 So.2d 495, 496 (Fla. 5th DCA 2004) (“[W]hen a probationer absconds from supervision, the probationary period is tolled until the probationer is returned to supervision.”); Williams v. State, 529 So.2d 366, 367 (Fla. 2d DCA 1988) (“[W]hen a probationer absconds from supervision, the probationary period is tolled until the probationer is once more placed under probationary supervision.”); Ware v. State, 474 So.2d 332, 333 (Fla. 1st DCA 1985) (“[Whenever a *921 probationer absconds from supervision his probationary period is tolled.”).
We follow our supreme court and our sister courts to hold that when a probationer absconds from supervision, the probationary period is tolled until the probationer is once more placed under probationary supervision.
The fact that the defendant here allegedly absconded from supervision distinguishes this case from Mobley. If the defendant in Mobley had been alleged to have absconded from supervision, then Mobley’s reasoning would have been moot, as we would have concluded there, as we do here, that the probationary period was tolled until the defendant was once more placed under probationary supervision.
Put another way, absconding from supervision is an independent basis for tolling a defendant’s probation term, regardless of whether Mobley’s reasoning against tolling would have otherwise applied. Put yet another way, Mobley does not overrule the case law recognizing that when a probationer absconds from supervision, the probationary period is tolled until the probationer is once more placed under probationary supervision. '
We distinguish the instant case from Young v. State, 739 So.2d 1179 (Fla. 4th DCA 1999), and Langley v. State, 839 So.2d 826 (Fla. 4th DCA 2003). In each of those cases, we concluded that a defendant had not absconded from supervision by simply failing to file a monthly report. See Young, 739 So.2d at 1180 (“[The defendant] was not hiding, nor had she departed from the jurisdiction of the state. She simply failed to make a report. Had her probation officer visited appellant at her listed address, she would have been able to find her.... ”); Langley, 839 So.2d at 827 (‘We reject the state’s argument that the mere failure to file reports, without more, requires the court-to toll the period of probation.”).
Here, while the probation officer’s initial affidavit alleged' that the defendant violated probation by failing to report, the probation officer’s amended affidavit ultimately alleged that the defendant violated probation by changing his residence without consent and that the defendant’s “current whereabouts is unknown.” These allegations are sufficient to state a prima facie case that defendant was “no longer under the -controlling arm of the state.” Francois, 695 So.2d at, 697.
If the state proves the amended affidavit’s allegations to be true, then the circuit court may find, but is not required to find, that the defendant absconded, from supervision, depending on the totality of the circumstances which the evidence presents. If the circuit court finds that the defendant absconded from supervision, then his probation term was tolled until he was arrested, and the circuit court would have subject matter jurisdiction over both warrants and the second amended affidavit.

Petition denied.

FORST and KLINGENSMITH, JJ., concur.