Forst, J.
In this criminal appeal, the State of Florida appeals the trial court’s order granting Appellee Jeffrey Hicks’s motion to dismiss for lack of jurisdiction. The State argues that because it alleged in its violation of probation warrant (“VOP warrant”) that Appellee absconded, the trial court retained jurisdiction to consider the VOP warrant even after the expiration of Appellee’s probationary period.
The trial court abused its discretion by granting Appellee’s motion to dismiss. See State v. Balezos, 765 So.2d 819, 822 (Fla. 4th DCA 2000) (applying abuse of discretion standard). The analysis and holding of our recent opinion in Williams v. State, 202 So.3d 917 (Fla. 4th DCA 2016), are directly on point. There, the State’s VOP warrant, identical to the one here, suggested Appellee absconded by changing his residence without consent, and making his current whereabouts unknown. Id. at 921. As set forth in Williams, “[o]ur supreme court and three of our sister courts have recognized that probation is tolled when a defendant absconds from [probationary] supervision.” Id. at 920-21 (citing Francois v. State, 695 So.2d 695, 697 (Fla. 1997); Kimball v. State, 890 So.2d 495, 496 (Fla. 5th DCA 2004); Williams v. State, 529 So.2d 366, 367 (Fla. 2d DCA 1988); Ware v. State, 474 So.2d 332, 334 (Fla. 1st DCA 1985)). Our Williams opinion clarified that this Court’s earlier opinion in Mobley v. State, 197 So.3d 572 (Fla. 4th DCA 2016) “does not overrule the case law recognizing that when a probationer absconds from supervision, the probationary period is tolled until the probationer is once more placed under probationary supervision.” Williams, 202 So.3d at 921.
Accordingly, we reverse and remand to the trial court to determine under the totality of the circumstances if Appellee did *702 in fact abscond from probationary supervision. If the trial court finds that Appellee did abscond, then Appellee’s probationary period was tolled until he was arrested and the trial court would have jurisdiction to consider the VOP warrant and any amendments to it.

Reversed, and remanded.

Taylor and Conner, JJ., concur.