ON MOTION FOR REHEARING AND MOTION FOR CLARIFICATION
Kuntz, J.
The defendant has filed a motion for rehearing and a motion for clarification of our instructions on remand. We grant the motion for rehearing and motion for clarification, withdraw our prior opinion, and substitute this opinion in its place.
The State appeals the court’s order dismissing an affidavit charging the defendant with violations of probation (“VOP”) for lack of subject matter jurisdiction. The court concluded that it lost jurisdiction at the time the probationary period expired, which occurred prior to service of the warrant for the VOP. The State argues that because the VOP affidavit and warrant alleged that the defendant absconded, and the warrant issued while he was still serving probation, his probationary term was tolled. The defendant concedes that the State is correct but argues the State’s argument was not preserved. We agree with the State, find the argument was properly preserved, and reverse.
The defendant pled no contest to charges of tampering with evidence, possession of cannabis, resisting officer without violence, and possession of drug paraphernalia. He was sentenced to time served on the resisting arrest and possession of drug paraphernalia counts, the court withheld adjudication on the tampering with evidence and possession of cannabis counts, and he was placed on probation. The parties agree that his original probationary term was set to expire on February 28,2015.
Prior to the expiration of the original probationary term, the defendant failed a drug test, failed to report, and absconded. He pled to a violation of probation and the probationary term was reinstated, modified, and extended to June 30, 2016.
Four months before the expiration of the extended probationary period, the State filed a VOP affidavit stating that the defendant: (1) failed to report; (2) absconded or changed his residence without first procuring the consent of the probation officer; (3) failed to pay the State of Florida toward the cost of supervision; (4) failed to make court costs payments; and (5) failed to make Drug Fee payments. A *771 warrant was issued on February 24, 2016, but not served until the defendant self-surrendered on August 16, 2016—after the expiration of the extended probationary period.
Relying upon Mobley v. State, 197 So.3d 572 (Fla. 4th DCA 2016), the defendant argued to the court that it lost jurisdiction over the VOP when the extended probationary period expired on June 30, 2016. In response, the State argued that “failing to report and absconding ... the absconding could be considered a new crime.” The court agreed with the defendant and, citing Mobley, concluded that the signing of the warrant did not toll the probationary period.
On appeal, the State argues that the affidavit charging the defendant with absconding tolled his probationary term until he was returned to supervision. In support, the State relies upon Williams v. State, 202 So.3d 917 (Fla. 4th DCA 2016). In Williams, we provided a detailed analysis of Mobley and distinguished it, holding that “Mobley is inapplicable here because, unlike in Mobley, the VOPs in this case ultimately alleged that, during the defendant’s probation term, he had absconded from supervision, culminating with the allegation that his ‘current whereabouts is unknown.’ ” Id. at 920. Williams held “when a probationer absconds from supervision, the probationary period is tolled until the probationer is once more placed under probationary supervision.” Id. at 920-21.
As in Williams, in this case the VOP alleged that the defendant absconded, which was an independent basis for tolling the probationary period. The defendant does not dispute this conclusion. Instead, he argues that the State failed to preserve the argument. We find the issue was properly preserved. Here, the VOP affidavit and warrant both charged the defendant with “ABSCONDING.” Further, at the hearing, the State highlighted the absconding charge. These actions were sufficient to bring the issue to the attention of the court. Therefore, the issue was preserved.
The State charged the defendant with a VOP, including a charge that he absconded. Consistent with Williams, we reverse to allow the circuit court to determine if the defendant did abscond from probationary supervision as alleged in the State’s VOP affidavit. If the circuit court determines that the defendant did abscond, which it may find but is not required to find, then the probationary term was tolled until he was again under probationary supervision and the circuit court would have jurisdiction over the VOP warrant.

Reversed.

Warner and Gerber, JJ., concur.