Conner, J.
The State appeals the trial court’s final order dismissing the violation of probation (“VOP”) warrant against Stephanie Casas. Consistent with our decision in Williams v. State, 202 So.3d 917 (Fla. 4th DCA 2016), we reverse and remand for further proceedings.
In June 2011, Casas entered a no contest plea to a child neglect charge and was placed on probation for five years. Subsequently, in December 2011, the State filed a violation of probation affidavit alleging, among other things, that Casas absconded by changing her residence without the consent of her probation officer. The affidavit alleged that her current whereabouts were unknown. A warrant was issued in January 2012 based upon the violation of probation affidavit.
In August 2016, after being apprehended, Casas made an oral motion to dismiss the warrant against her based on this court’s decision in Mobley v. State, 197 So.3d 572, 574 (Fla. 4th DCA 2016) (quoting Shenfeld v. State, 14 So.3d 1021, 1023 (Fla. 4th DCA 2009)) (holding that “[o]nce a term of probation has expired, a court lacks jurisdiction to entertain an application for revocation of probation based on a violation which occurred during the probation period unless, during the term of probation, appropriate steps were taken to revoke or modify probation.”) In support of the motion, defense counsel argued that Casas was arrested after her scheduled probation termination date had passed. The State countered that because Casas absconded, the probation was tolled as long as the affidavit and warrant were timely filed. However, the trial court ruled that it was bound by Mobley to grant the dismissal. Therefore, the trial court dismissed the violation of probation affidavit and warrant, noting that it no longer had jurisdiction because the natural termination date predated the date Casas was served with the warrant, and the warrant was not related to a new crime.
“A trial court’s decision to grant a motion to dismiss will not be reversed absent an abuse of discretion.” State v. Balezos, 765 So.2d 819, 822 (Fla. 4th DCA 2000).
As the State points out on appeal, two months after the trial court’s ruling below, we issued our decision in Williams v. State, 202 So.3d 917 (Fla. 4th DCA 2016), in which we held that “when a probationer absconds from supervision, the probationary period is tolled until the probationer is once more placed under probationary supervision.” Id. at 921. In Williams, the VOP affidavit alleged that during the defendant’s probation term, he absconded from supervision and his whereabouts were unknown. Id. at 920. Under those facts, we specifically found that Mob-ley was inapplicable. Rather, we found such allegations sufficient to state a prima facie case that the defendant was “no longer under the controlling arm of the state.” *9 Id. at 921 (quoting Francois v. State, 695 So.2d 695, 697 (Fla. 1997)).
We agree with the State that the instant case is similar to Williams, where here, as in Williams, the violation of probation warrant alleged that Casas absconded from supervision and that her current whereabouts were unknown. Accordingly, though the trial court did not have the benefit of our decision in Williams at the time, the holding in Williams controls. Therefore, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Gross and Kuntz, JJ., concur.