DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**TIFFANY SNUFFER,**
Appellee.

No. 4D16-3003

[August 9, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case No. 09-18644 CF10B.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

GERBER, C.J.

The state appeals from the circuit court's order granting the defendant's motion to dismiss her probation violations. The court found that it lacked subject matter jurisdiction over the defendant's probation violations because, pursuant to *Mobley v. State,* 197 So. 3d 572 (Fla. 4th DCA 2016), *review denied,* SC16-936, 2016 WL 3149708 (Fla. June 6, 2016), the defendant was not arrested on the probation violations until after her probationary period expired, and the probationary period was not tolled due to the non-criminal nature of the probation violations.

The state argues that because the defendant's alleged non-criminal probation violations included absconding from supervision, her probationary period was tolled pursuant to *Williams v. State,* 202 So. 3d 917 (Fla. 4th DCA 2016), which we issued after the circuit court's decision.

The defendant properly concedes that *Williams* controls. We agree and reverse, as explained in the following procedural history and analysis.

## *Procedural History*

The defendant was sentenced to a probationary period for various crimes. During the defendant's probationary period, the defendant's probation officer filed an affidavit alleging the defendant violated her probation by:

1.  failing to make a full and truthful report to her probation officer in that she failed to report as directed for four consecutive months;

2.  failing to comply with all instructions given by her probation officer in that she failed to report as instructed for a probation appointment;

3.  *changing her residence without first obtaining her probation officer's permission and "her current whereabouts [are] unknown"*;

4.  failing to make a full and truthful report to the probation officer in that she falsely reported her home address;

5.  having contact with a person whom she was prohibited from contacting;

6.  failing to make restitution payments;

7.  failing to pay supervision costs;

8.  failing to undergo a drug and alcohol abuse evaluation; and

9.  failing to complete drug and alcohol abuse treatment.

Based upon these allegations, and before the defendant's probationary period expired, the circuit court issued a warrant for the defendant's arrest.

After the defendant's probationary period expired, the defendant was arrested on the probation violation warrant in South Carolina.

Following the defendant's arrest, she filed a motion to dismiss the probation violations. She argued that the circuit court lacked subject matter jurisdiction over her probation violations because, pursuant to *Mobley*, she was not arrested on the probation violations until after her probationary period expired, and the probationary period was not tolled due to the non-criminal nature of the probation violations.

At the hearing on the motion to dismiss, the state argued, among other things, that *Mobley* was inapplicable because the probation violation affidavit alleged the defendant had absconded during her probationary period, thus tolling the probationary period.

The circuit court granted the defendant's motion to dismiss. The court found that it lacked subject matter jurisdiction over the defendant's probation violations pursuant to *Mobley*. The court dismissed the defendant's probation violations and terminated her probation.

This appeal followed. The state argues that because the defendant's alleged non-criminal probation violations included absconding from supervision, her probationary period was tolled pursuant to *Williams*, which we issued after the circuit court's decision.

### *Our Analysis*

We agree with the state's argument. We rely upon our reasoning in *Williams*:

> We follow our supreme court and our sister courts to hold that when a probationer absconds from supervision, the probationary period is tolled until the probationer is once more placed under probationary supervision.
>
> The fact that the defendant here allegedly absconded from supervision distinguishes this case from *Mobley*. If the defendant in *Mobley* had been alleged to have absconded from supervision, then *Mobley*'s reasoning would have been moot, as we would have concluded there, as we do here, that the probationary period was tolled until the defendant was once more placed under probationary supervision.
>
> Put another way, absconding from supervision is an independent basis for tolling a defendant's probation term, regardless of whether *Mobley*'s reasoning against tolling would have otherwise applied. Put yet another way, *Mobley* does not overrule the case law recognizing that when a probationer absconds from supervision, the probationary period is tolled until the probationer is once more placed under probationary supervision.

*Williams*, 202 So. 3d at 921.

3

Consistent with *Williams*, we reverse to allow the circuit court to determine if the defendant absconded from supervision as alleged in the probation violation affidavit. If the court finds that the defendant absconded from supervision, then her probationary period was tolled until she was arrested, and the circuit court has subject matter jurisdiction over the alleged probation violations.

*Reversed and remanded for proceedings consistent with this opinion.*

LEVINE and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**