DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEITH BETHEL**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

Nos. 4D17-2196 & 4D17-2197

[August 17, 2018]

Consolidated appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elizabeth Scherer, Judge; L.T. Case Nos. 09-009869CF10D and 10-017359CF10A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

**CONFESSION OF ERROR**

KUNTZ, J.

In March 2016, the State filed an affidavit of violation of probation in two underlying cases. The term of probation that was purportedly violated began on June 3, 2015, and expired on June 3, 2016. The State alleged technical violations of probation including: 1) failing to pay costs of supervision; 2) failing to pay court costs; and 3) failing to successfully complete or remain in drug/alcohol treatment until the provider determined that treatment was no longer necessary.

On November 18, 2016, the Broward Sheriff's Office took the Defendant into custody on these violations during a traffic stop. This, of course, was after the expiration of the probationary period.

In *Mobley v. State*, 197 So. 3d 572, 574 (Fla. 4th DCA 2016), we held that an affidavit of violation of probation alleging only technical violations of probation does not toll the probationary period. Thus, in this case, the

circuit court was without jurisdiction to revoke the Defendant's probation and sentence him based on his alleged technical violations of probation. The State concedes that *Mobley* controls the disposition of this appeal and also concedes that no exception to *Mobley* applies in this case.[1]

We vacate the court's revocation of the Defendant's probation and imposition of sentences in both cases. On remand, the court shall dismiss the violation of probation charges against the Defendant. Further, the circuit court shall hold a hearing, if necessary, and issue an order on the Defendant's request to be released from custody before 5:00 P.M. on Monday, August 20, 2018. This opinion is effective immediately, and the Clerk of Court is directed to issue our mandate simultaneously with the issuance of this opinion.

FORST and KLINGENSMITH, JJ., concur.

\*    \*    \*

***FINAL UPON RELEASE; NO MOTION FOR REHEARING WILL BE ENTERTAINED; MANDATE ISSUED SIMULTANEOUSLY WITH OPINION.***

---

[1] The State conceded this issue in a post-conviction filing in the circuit court on February 7, 2018. The State filed its concession of error in this Court on August 13, 2018.

2