NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOEL CANCHOLA,                        )
                                      )
            Appellant,                )
                                      )
v.                                    )        Case No. 2D16-5109
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
_____)

Opinion filed September 7, 2018.

Appeal from the Circuit Court for Manatee
County; Hunter W. Carroll, Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew D. Bernstein, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa, for
Appellee.


BADALAMENTI, Judge.


        Joel Canchola appeals from the trial court's final order revoking his

probation and imposing a six-month jail sentence.  He argues that the trial court lacked

subject matter jurisdiction to revoke his probation because the amended violation of

probation (VOP) affidavit alleging that, among other technical violations, he had

absconded from supervision was not filed until a week after the scheduled expiration of his probationary sentence. After de novo review, we affirm. Although filed one week after the expiration of the original probationary term, the amended VOP affidavit was timely because Canchola's probationary term was automatically tolled when he absconded from supervision and remained tolled for the many months that lapsed until he was once again placed under the probationary supervision of our state.

Canchola was placed on one year of probation after pleading guilty to possession of a controlled substance and resisting an officer without violence. That probationary term was set to expire on September 2, 2015. Throughout the probationary term, Canchola neglected to comply with various conditions of his probation. Canchola's probation officer met with him on July 2, 2015. During that meeting, the probation officer advised Canchola to report to the probation office between August 3 and August 7, 2015. Canchola failed to report as instructed. On August 18, 2015, the probation officer filed a VOP affidavit asserting three technical violations of the terms of his probation, including Canchola's failure to undergo drug and alcohol treatment and his failure to pay both supervision and court costs. The trial court thereafter issued a no-bond arrest warrant for these technical violations. In the interim, the probation officer made repeated, unsuccessful attempts to contact Canchola. This culminated with the probation officer's visit on August 26, 2015, to Canchola's last known home address. While there, Canchola's former roommate advised the probation officer that Canchola moved out on June 26, 2015, and that he was unaware of his current whereabouts.

Subsequent to that unsuccessful home visit, the probation officer, on September 9, 2015, filed an amended VOP affidavit.[1] The amended VOP affidavit added a new charge that Canchola violated condition three of the terms of his probation, which required that he not change his residence or leave the county of his residence without first procuring the consent of his probation officer. The addendum violation report filed with the amended VOP affidavit alleged that "on or about 06/26/2015, [Canchola] did move from his last known place of residence" and "[d]ue to the offender absconding, the whereabouts of [Canchola] is [sic] currently unknown." The amended affidavit further noted: "Warrant for Arrest Previously Requested." This VOP case sat silent until Canchola's 2016 arrest pursuant to the outstanding VOP arrest warrant issued by the trial court on August 13, 2015.

Canchola thereafter filed a motion to dismiss violation of probation for lack of subject matter jurisdiction, relying on section 948.06(1)(f), Florida Statutes (2015), and Mobley v. State, 197 So. 3d 572 (Fla. 4th DCA 2016). At the hearing on Canchola's motion to dismiss, Canchola argued that the filing of the August VOP affidavit did not toll his probationary term because it failed to comply with the tolling requirements set forth in section 948.06(1)(f). Absent tolling of his probationary term, Canchola argued, the trial court was without subject matter jurisdiction over the amended VOP affidavit because his probationary period had expired before the amended affidavit was filed. The State asserted that even if the August VOP affidavit did not toll the probationary

---

[1] Although the amended violation of probation affidavit is dated August 26, 2015, it was not stamped as "FILED FOR RECORD" until September 9, 2015, a week after Canchola's term of probation was set to expire.

period under section 948.06(1)(f), the probationary period was nevertheless tolled because the amended VOP affidavit added a charge that Canchola had absconded from supervision during his probationary period.

The trial court first acknowledged that "if we were riding under [s]ection 948.06, . . . the statute requires under subsection (1)(f) certain activities that have to happen for the purposes of tolling the statute." The trial court continued: "But the absconsion tolling doesn't ride under section 948.06. It rides under the existing case law . . . that was developed prior to [s]ection 948.06 being amended as it has been over the last few years . . . ." Thus, the trial court denied Canchola's motion to dismiss. It ruled that it retained subject matter jurisdiction over the amended VOP affidavit, even though it was filed a week after the expiration of the probationary term, because Canchola's probationary sentence was tolled under the common law once Canchola absconded prior to the expiration of the probationary term. Canchola ultimately admitted to the violations set forth in the amended VOP affidavit, and entered into a plea agreement wherein the court revoked his probation and sentenced him to six months' incarceration in county jail with credit for time served. He reserved his right to appeal the court's order denying his motion to dismiss.

On appeal, Canchola argues that the amended VOP affidavit was untimely because it was filed after his probationary term had expired, leaving the trial court without subject matter jurisdiction over the amended VOP affidavit. He contends that because the amended VOP affidavit undisputedly did not fall within any of the limited circumstances set forth in section 948.06(1)(f)'s tolling provision, the trial court erred by denying his motion to dismiss.

- 4 -

As an initial matter, a probationer absconds when he removes himself from "the controlling arm of the state" by changing his residence without consent and leaving his probation officer without knowledge of his current whereabouts. See Francois v. State, 695 So. 2d 695, 697 (Fla. 1997). We review a trial court's determination of its subject matter jurisdiction de novo. Mobley, 197 So. 3d at 574 (citing Sanchez v. Fernandez, 915 So. 2d 192, 192 (Fla. 4th DCA 2005)). A trial court retains jurisdiction over a defendant's probationary sentence. See § 948.01(1) ("Any state court having original jurisdiction of criminal actions may . . . hear and determine the question of the probation of a defendant in a criminal case . . . ."). But it does not retain subject matter jurisdiction over a probationer beyond the expiration of the probationary term. See State ex rel. Ard v. Shelby, 97 So. 2d 631, 632 (Fla. 1st DCA 1957) ("It is clear that upon expiration of the probationary period the court is divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation or modification of the probation . . . ."); see also Kolovrat v. State, 574 So. 2d 294, 297 (Fla. 5th DCA 1991) ("[P]robation is not normally suspended or tolled retroactively unless the probationer absconds from supervision."). Thus, absent a statutory or common law basis to toll the probationary period, the trial court loses subject matter jurisdiction upon the expiration of the probationary sentence. See § 948.06(1)(f) (listing three circumstances where tolling is permitted under the statute); Williams v. State, 202 So. 3d 917, 921 (Fla. 4th DCA 2016) (recognizing common law's independent basis to toll probationary period when a probationer absconds from supervision and holding that "the probationary

period is tolled until the probationer is once more placed under probationary supervision").

Although a trial court imposes a term of probation with a predictable termination date, there are limited situations which extend the trial court's subject matter jurisdiction over a probationer beyond the expiration of the originally imposed probationary term.  First, the legislature has set forth three situations where a probationary term may be tolled until the trial court enters a ruling on the violation.  See § 948.06(1)(f).  All three situations require the filing of a VOP affidavit.  That VOP affidavit is followed by (1) the "issuance of a warrant under s.901.02," (2) "a warrantless arrest under [section 948.06]," or (3) "a notice to appear under this section."  See § 948.06(1)(f).[2]

Next, our common law recognizes that a probationer's absconsion from supervision during his probationary term, apart from section 948.06(1)(f)'s tolling provision, automatically tolls his term.  See Williams, 202 So. 3d at 921; see also Badger v. State, 23 So. 3d 813, 817 (Fla. 2d DCA 2009) (explaining the long existence

_____

[2]We note that section 948.06(1)(f) has been amended since the 2015 version applicable here, but the three avenues to toll a probationary term have not changed.  Ch. 2017-115, § 9, at 8, Laws of Fla.  Instead, only the arrest warrant requirement has changed.  That is, under the 2015 version of the statute, a warrant must have been issued under a probable cause standard set forth in section 901.02, whereas the 2018 version omits the reference to section 901.02.  Compare § 948.06, Fla. Stat. (2015) (permitting the tolling of the probationary term "[u]pon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901. 02" (emphasis added)), with § 948.06(1)(f), Fla. Stat. (2018) (permitting tolling "[u]pon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant for such violation" (emphasis added)).  Because we decide that our case law permits tolling for VOP affidavits alleging absconsion, we need not address Canchola's argument relating to the application of the tolling provision in the 2015 statute.

in the case law of "authority for the proposition that probation is automatically tolled during a period when the probationer has absconded"); Williams v. State, 529 So. 2d 366, 367 (Fla. 2d DCA 1988) (recognizing that a probationary period is tolled when a probationer absconds from supervision); Kimball v. State, 890 So. 2d 495, 496 (Fla. 5th DCA 2004) (explaining that "when a probationer absconds from supervision, the probationary period is tolled until the probationer is returned to supervision" (citing Ware v. State, 474 So. 2d 332, 334 (Fla. 1st DCA 1985))); Ware, 474 So. 2d at 333 (Fla. 1st DCA 1985) ("[W]henever a probationer absconds from supervision his probationary term is tolled.").

In Francois, our supreme court explained an important distinction between absconding from probation and other violations of probation in the milieu of tolling the probationary period. It explained that when a defendant violates the terms of his probation through an act other than absconding, "a probationer remains under supervisory restraint after an affidavit of violation is filed and an affidavit can be amended to include subsequent violation allegations." Francois, 695 So. 2d at 697 (emphasis added). Stated differently, a probationer who violates a term of his probation but remains under the supervisory restraint of the state after a VOP affidavit is filed must continuously bear the associated restraints on his liberty, including the possibility of being charged with subsequent violations of conditions of his probation. Id. Contrastingly, one who absconds from his probationary supervision leaves those restraints all together and bears no risk of subsequent violation allegations unless he returns to the supervisory restraint of the state. See id. ("One who absconds from supervision is no longer under the controlling arm of the state."). It thus is logical that a

probationary sentence is automatically tolled until such time an absconder again is returned to supervision and subject to those restraints on his liberty. As will be discussed, our court and sister courts of appeal have recognized the automatic tolling of a probationary term for a probationer who absconds during his probationary term.

In Williams, we addressed the automatic tolling of a probationary sentence when a probationer absconds from supervision. There, the probationer was originally charged with violation of probation by an affidavit dated July 8, 1985, well within the probationary term set to expire on July 8, 1986. 529 So. 2d at 367. The probationer, however, absconded from supervision and did not report her whereabouts until after the probationary term had already expired. Id. Approximately one week after the probationer reported her whereabouts, the State filed an amended VOP affidavit, alleging the "unauthorized change of residence." Id. Notwithstanding the State's filing of the amended VOP affidavit after the probationer's probationary term had expired, our court reasoned that when a probationer absconds from supervision, "the probationary term is tolled until the probationer is once more placed under probationary supervision." Id. (citing Ware, 474 So. 2d at 333).

Here, like Williams, the probation officer filed a VOP affidavit prior to the expiration of Canchola's probationary term. Also like Williams, the probation officer amended that VOP affidavit, charging that Canchola had made an unauthorized change of residence. Critically, also like Williams, the amended VOP affidavit charging that Canchola absconded was filed after the scheduled expiration of the original probationary term. That the amended VOP affidavit alleging that Canchola absconded during the probationary term was filed after that term was set to expire is of no

consequence.  This is because Canchola's probationary term automatically tolled from the moment he absconded until he was "once more placed under probationary supervision."  Id.; cf. Kimball, 890 So. 2d at 496 ("[W]hen a probationer absconds from supervision, the probationary period is tolled until the probationer is returned to supervision." (citing Ware, 474 So. 2d at 334)); see also Badger, 23 So. 3d at 817 (explaining the long existence in the case law of "authority for the proposition that probation is automatically tolled during a period when the probationer has absconded" (emphasis added)).

Thus, a trial court retains subject matter jurisdiction over a VOP affidavit alleging that the probationer absconded prior to the expiration of the original probationary term for which the trial court would have otherwise had subject matter jurisdiction.  This is because the probationer's conduct of absconding from his supervision automatically tolled that probationary term until he was once more placed under probationary supervision.  Williams, 529 So. 2d at 367.  We find our Williams decision both controlling and indistinguishable in any meaningful way to the facts here.

As for Canchola's reliance on Mobley, the Fourth District recently clarified that its Mobley decision did "not overrule the case law recognizing that when a probationer absconds from supervision, the probationary period is tolled until the probationer is once more placed under probationary supervision." Williams, 202 So. 3d at 921.  There, the Fourth District reasoned that unlike Mobley, the VOP affidavit in Williams alleged that the probationer absconded during his term of probation, which is an independent basis for tolling his probationary term.  Id.  It explained that its Mobley decision involved the applicability of the statutory tolling provision set forth in section

- 9 -

948.06(1)(f), which is distinct from the tolling of a probationary sentence under Florida's common law. Id. at 920. Its Mobley decision, the Fourth District explained, turned on the State's failure to satisfy the requirements for tolling set forth in section 948.06(1)(f); namely, it failed to issue the proper arrest warrant under the statute. Id. Without that statutory tolling mechanism, the Fourth District explained, the trial court in Mobley lacked jurisdiction over a VOP affidavit that did not allege that a probationer absconded. Id.

Turning to the facts before it, the Fourth District in Williams thus held that if a VOP affidavit ultimately charges that the probationer absconded during the probationary period, the trial court maintains jurisdiction over the probationer because the probationary period automatically tolls upon the probationer leaving "the controlling arm of the state" and remains tolled until the probationer "is once more placed under probationary supervision." Id. at 921. We agree with both the holding and reasoning set forth in the Fourth District's Williams opinion, including its refusal to apply Mobley to circumstances where, as here, a probationer is alleged to have violated the terms of his probation by absconding during the probationary period.

We reaffirm that a probationary term is automatically tolled when a probationer absconds from his supervision. The probationary period remains tolled until such time that the probationer again is under supervision by the arm of our state. See Williams, 529 So. 2d at 367; see also Badger, 23 So. 3d at 817; Williams, 202 So. 3d at 921; Kimball, 890 So. 2d at 496; Ware, 474 So. 2d at 333. Here, the amended VOP affidavit ultimately culminating with an allegation that Canchola absconded during his probationary period was filed only one week after the expiration of Canchola's original

- 10 -

probationary term. Accounting for the many months Canchola's probationary period remained tolled after he absconded from supervision, the amended VOP affidavit was timely filed.

We thus affirm the trial court's denial of Canchola's motion to dismiss for lack of subject matter jurisdiction. In so doing, we caution the State to act both diligently and in good faith in its filing of any VOP affidavit alleging that a probationer absconded prior to the expiration of the original probationary term.

Affirmed.


LaROSE, C.J., and BLACK, J., Concur.